HULSHIZER v. FIRST STATE BANK OF ROBSTOWN.    (No. 6098.)

(Court of Civil Appeals of Texas.  San Antonio. Nov. 27, 1918.  Rehearing Denied Jan. 15, 1919.)

1. EVIDENCE ⬤⟞317(5) — HEARSAY—OWNERSHIP.

In a garnishment proceeding where the judgment debtor had deposited money in the name of his wife, the bank will not be permitted to prove that it did not owe the judgment debtor by introducing in evidence hearsay statements of the judgment debtor and his wife concerning the ownership of the money.

2. GARNISHMENT ⬤⟞164—DEPOSITS IN BANK —EVIDENCE.

The fact that money was deposited in the name of another, when standing alone, will make a prima facie case of ownership by such other; but where it appears that control of deposit was reserved by an agreement that it was to be paid out on checks drawn by the depositor as agent for the other, and the depositor on being garnished hastily withdrew the deposit and transferred it to the name of still another person, the court will find, in a garnishment proceeding, that the money belonged to the depositor.

Appeal from District Court, Nueces County.

Garnishment suit by Geo. L. Hulshizer against the First State Bank of Robstown, garnishee.  Judgment in favor of garnishee, and plaintiff appeals.  Reversed and remanded.

H. M. Holden, of Corpus Christi, for appellant.

Kleberg, Stayton & North, of Corpus Christi, for appellee.

MOURSUND, J.  This is a garnishment suit instituted on September 27, 1917, by appellant against appellee for the purpose of impounding money to pay a judgment obtained by appellant on September 5, 1916, against J. E. Noyes for $807.12, on which there was a credit of $15.  On September 29, 1917, appellee filed an answer alleging that it was not indebted to Noyes.  On the first day of the following term of court, plaintiff excepted to that answer on the ground that it was filed prematurely, and, the exception being sustained, appellee filed an amended answer on January 16, 1918, denying that it was indebted to Noyes or was when the writ was served on it.  On the same day plaintiff filed a controverting answer, alleging that garnishee was indebted to Noyes when the writ was served upon it, and that it has been indebted to him since the service of such writ, and at the time it was commanded to answer.

Judgment was rendered in favor of garnishee.

The only finding of the court material under the pleadings, upon which could be based a judgment in favor of appellee, was that the appellee was not indebted to J. E. Noyes at any time during the period it was required to answer for under the statute.  At the time the writ of garnishment was served, September 27, 1917, there was on deposit with appellee the sum of $1,907.70 in the name of M. J. Noyes, the wife of J. E. Noyes; the deposit having been made by J. E. Noyes, with instructions to charge against the same all checks signed by J. E. Noyes, agent.  On September 28, 1917, J. E. Noyes checked out the balance in the account of M. J. Noyes, and on September 29, 1917, he deposited with appellee $1,980 to the credit of J. R. Noyes, with the understanding that checks drawn by J. E. Noyes, as agent, would be honored by payment out of said funds.  The cashier testified that, when the account of M. J. Noyes was transferred to the credit of J. R. Noyes, it was done by J. E. Noyes in person. W. H. Dainwood, the cashier of the Guaranty State Bank of Robstown, testified that on or about September 27 or 28, 1917, his bank presented a check for $275, signed by J. E. Noyes to appellee, and appellee paid it; also, that about October 4 or 5, 1917, a check for $1,145, signed by J. E. Noyes, agent, was paid by appellee.  J. E. Noyes claimed that J. R. Noyes was his brother, but the cashier of appellee had never seen such a person as J. R. Noyes and knew nothing about him, although he had known J. E. Noyes for six or eight years.  All the money placed in the two accounts was deposited by J. E. Noyes.  Appellee's cashier also testified that "the J. R. Noyes account was closed out by J. E. Noyes as agent for M. J. Noyes." He testified that he knew "the account afterwards transferred to the J. R. Noyes account was the M. J. Noyes account."  There was no testimony concerning the ownership of the money thus deposited in the names of M. J. Noyes and J. R. Noyes, except that the appellee's cashier, over appellant's objection, was permitted to testify that J. E. Noyes and his wife had made statements to him to the effect that the money had been inherited by Mrs. Noyes and was her separate property.  The admission of this testimony is complained of by appropriate assignments of error, and such assignments. numbered 1 to 5, inclusive, are sustained.

[1, 2] The appellee cannot be permitted to prove that it did not owe J. E. Noyes anything by introducing in evidence the hearsay

---

⬤⟞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

statements of said Noyes and his wife concerning the ownership of the money. Aside from the testimony which was improperly admitted, there is no evidence tending to show that J. E. Noyes was not the owner of the deposit, except the fact that he deposited the money in his wife's name, and after the garnishment writ had been served drew it out and deposited it in the name of J. R. Noyes. The fact that money is deposited in the name of another, when standing alone, will make a prima facie case of ownership by such other; but, when it appears that the control of the deposit is reserved by an agreement that it is to be paid out on checks drawn by the depositor, it appears that he is using the name of the other person as a subterfuge to conceal his ownership of the money. The fact that a person deposits money in the name of another does not give him authority to withdraw it, and, when he so deposits it with the understanding that he can withdraw it, his exercise of control over it is consistent only with the theory that he is the real owner. The act of J. E. Noyes in hastily withdrawing the deposit in his wife's name and transferring it to his brother's name tends strongly to show that the use of his wife's name as depositor was made to conceal his ownership, and that fear that his creditors might reach it, even if in his wife's name, prompted him to place it in the name of J. R. Noyes. The control exercised by J. E. Noyes over the money and his acts with reference thereto indicate his ownership so strongly that the evidence, other than the hearsay statements, would have required the court to find that the appellee's answer was not true. It was the duty of appellee, under the facts disclosed, to hold the money and make answer, setting up the facts, and let the court pass upon the issue of whether or not it was indebted to J. E. Noyes. It failed to do this and must pay plaintiff's claim if in fact J. E. Noyes owned the deposit.

The judgment is reversed, and the cause remanded.