## TATUM STATE BANK v. GIBSON.
### (No. 3790.)

Court of Civil Appeals of Texas. Texarkana.
Jan. 17, 1930.

Rehearing Denied Jan. 30, 1930.

Futch & Cooper, of Henderson, for appellant.

H. H. Wellborn, of Henderson, for appellee.

LEVY, J. (after stating the case as above). [1, 2] The bank makes the complaint that (1) the costs in both the justice and county courts were taxed against it, although the judgment of the county court was for a less amount than that of the justice court, and (2) the evidence does not establish any liability on the part of the garnishee. The bank was entitled to recover the costs of the county court under article 2065, R. S.; but that point is solved by the ruling upon the second point, which operates to be decisive of the garnishment proceedings. It is believed that the circumstances do not show that the bank had funds or money subject to A. T. Haygood's check. The burden was upon the appellee to so show. There was affirmative evidence that A. T. Haygood had no account in his name in the bank at the time of or prior to the garnishment. The only circumstances offered to show to the contrary were that the president of the bank informed the bookkeeper of Bell Bros. that "a check on A. T. Haygood was good," and that the check given to Bell Bros. was never returned to them "unpaid." These bare circumstances are not of sufficient weight to overcome the affirmative evidence that A. T. Haygood had no funds or account in the bank. The president of the bank states that he understood the inquiry was as to A. B. Haygood, who had an account in the bank, and not as to A. T. Haygood. There is no proof that the check claimed to have been given by A. T. Haygood to Bell Bros. ever reached the Tatum State Bank. There is proof that the local bank in Henderson cashed the check, but there is no pretense in the evidence that the bank ever sent it to the Tatum State Bank for collection. There is no proof of the amount of the check. It was conclusively shown that there were funds on deposit in the Tatum State Bank in the name of Mrs. A. B. Haygood, wife of A. T. Haygood. By the terms of the statute such funds would be presumed to be the separate property of the wife. Article 4622, R. S. The proof does not overcome this presumption. The testimony of the president of the bank goes no further than to show that he did not know the source of her income. Undoubtedly the funds of the community may be impounded, no matter in whose name it stands in the bank. Szanto v. First State Bank of Mt. Calm (Tex. Civ. App.) 212 S. W. 971. But there must be proof establishing that they are community funds in order to impound them. The presumption would not be that they are community funds in this instance, in view of the above article of the statutes.

The judgment is reversed, and the cause is remanded.