## GEO. C. VAUGHAN & SONS v. HARRIS-BURG NAT. BANK.

### No. 11786.

Court of Civil Appeals of Texas. Galveston.
June 20, 1946.

Geo. H. Stubblefield, George Red, and Pat N. Fahey, all of Houston, for appellant.

Vinson, Elkins, Weems & Francis, W. S. Elkins, and Ardell Williams, all of Houston, for appellee.

CODY, Justice.

The principal question involved in this appeal is whether the court erred in directing a verdict for appellee at the conclusion of plaintiff's (appellant's) evidence.

On May 23, 1941, a writ of garnishment after judgment was served on appellee Bank to subject the funds of Claude M. Barter, doing business as "Rig-A-Lite", to the payment of a judgment for $728.88, which had been obtained on April 17, 1941. The Bank seasonably filed its answer in which it denied it owned any indebtedness to Claude M. Barter, doing business as "Rig-A-Lite". The appellant, being the plaintiff in judgment, seasonably filed its pleading traversing the garnishee's answer, and it is from the trial of the traversal of the garnishee's answer that this appeal is prosecuted. The trial was not had until February of this year.

In controverting the garnishee's answer appellant alleged: that Claude M. Barter made a simulated sale of the business and assets relating to "Rig-A-Lite" to his father-in-law, W. A. Hausman, who purported to assume the "Rig-A-Lite" indebtedness. That at the time of such simulated sale the said Hausman opened a bank account with the Bank in the name of "Rig-A-Lite Co." That the Bank knew, or in the exercise of due diligence and prudence would have known that "Rig-A-Lite" and "Rig-A-Lite Co." were one and the same. That on the date of the service of the writ there was on deposit in the account of Rig-A-Lite Co. the sum of $906.03, belonging to Claude M. Barter, doing business as "Rig-A-Lite".

Appellant predicates its appeal on three points:

I. That the motion for instructed verdict was insufficient in that it failed to state the specific grounds therefor, as required by Rule 268.

II. That the Houston City Directory listings for 1941, showing " 'Rig-A-Lite' (Claude M. Barter) 5521 Clinton Dr." was admissible to show reputation as to ownership of the business.

III. That appellant's evidence tended to prove that appellee was indebted to Claude M. Barter, doing business as "Rig-A-Lite", on the date of the service of the writ of garnishment, so it was error to direct a verdict for appellee.

■ Rule 268, Texas Rules of Civil Procedure, provides: "A motion for directed verdict shall state the specific grounds therefor." As characteristic of the grounds specified in the motion for directed verdict, the first and a portion of the second ground is given as follows:

"1. Plaintiff has failed to establish or prove that the Harrisburg National Bank of Houston at any time had an account in its Bank belonging to Claude M. Barter, doing business as 'Rig-A-Lite'.

"2. Plaintiff has failed to discharge its burden and to prove that the Harrisburg National Bank at any time was indebted to Claude M. Barter, doing business as 'Rig-A-Lite' * * *."

When it is borne in mind that the trial below was the contest by appellant of the Bank's (garnishee's) answer, we are unable to see how the grounds which would entitle appellee to a directed verdict could be more specifically stated. Each issue which was made by appellant's denial of the statements set forth in the garnishee's answer was incorporated in the motion, and with respect to each such issue it was stated that the evidence was insufficient to carry same to the jury. Appellant complains that the grounds stated in the motion for directed verdict were that appellant did not prove the matters stated therein, whereas, the question of whether the evidence proved such matters was one for the jury, and not for the court. The motion was addressed to the court, and the court and counsel necessarily understood that the motion was addressed to the competency and not the sufficiency of the evidence to prove the matters referred to. We overrule point one.

■ Statements appearing in a city directory are generally held to be hearsay, and not admissible in evidence. Creosoted Wood Block Paving Co. v. McKay et al., Tex.Civ.App., 211 S.W. 822; Venting et al. v. Carrigan, Tex.Civ.App., 26 S.W.2d 711. Nor was the photostat copy of the Houston City Directory for the year 1941 showing the listing " 'Rig-A-Lite' (Claude M. Barter) 5521 Clinton Dr." admissible in evidence to show reputation as to ownership. See 31 C.J.S., Evidence, § 196, p. 937 et seq. In the first place we do not think that a printed statement in a city directory is that kind of hearsay that can qualify as being reputation, or composite hearsay. It does not consist of general statements of members of the community with reference to the particular fact so stated in such city directory. In the second place the matter so stated in the listing is not of the nature of facts which can be established by reputation, even if it could qualify as being composite hearsay of the community. Appellant's second point is overruled.

By its third point appellant urges that the court erred in directing a verdict for appellee because appellant's evidence proved that Claude M. Barter, doing business as "Rig-A-Lite" was indebted to appellant, and tended to prove at the date of the service of the writ that appellee was indebted to Claude M. Barter, doing business as "Rig-A-Lite".

In the early case of Haggerty v. Ward, 25 Tex. 144, 148, the rule as to the burden of proof imposed by law on a plaintiff in garnishment was thus stated with approval "That in order to (authorize) a recovery against a garnishee it must be shown affirmatively either by his answer or by evidence aliunde that he has property of the defendant in his hands, or that he is indebted to the defendant." Here the answer of the garnishee in no way helped the plaintiff to discharge its burden of proof, and appellant was relegated to evidence aliunde. The evidence by which plaintiff (i. e., appellant) sought to make out a prima facie case against the garnishee included the following:

Evidence from the assumed name records of Harris County, Texas, showing that C. M. Barter was the owner of the business known as "Rig-A-Lite". (Appellant's pleadings—which were not introduced in evidence—alleged that there was on file in the assumed name records, an affidavit reading in part "W. A. Hausman hereby certified that he is the owner of 'Rig-A-Lite Company' and that his name and address as given below are true and correct." "W. A. Hausman" "5521 Clinton Drive", "Houston, Texas". Said affidavit was not acknowledged as required by law relating to assumed names.)

It is not necessary to set forth the evidence which established the indebtedness to appellant of Claude M. Barter, doing business as "Rig-A-Lite". The evidence which established that the Bank was indebted to "Rig-A-Lite Co." from time to time in varying amounts including the date on which the writ was served, consisted

of ledger sheets of the Bank showing the state of the bank account of the "Rig-A-Lite Co." with the Bank.

As evidence from which the inference could be drawn that the "Rig-A-Lite Co." to which the bank was indebted, was identical with Claude M. Barter, doing business as "Rig-A-Lite", appellant introduced bank ledger sheet No. 1 of its account with "Rig-A-Lite Co.", which bore at the top thereof the signature of W. A. Hausman, together with the testimony of an officer of the Bank that when a new account was opened the signature of those with authority to draw checks thereon was required to be placed on the opening ledger sheet for the convenience of the bookkeeper so he could familiarize himself with the signatures without the trouble of referring to the signature card. Appellant introduced the description of the checks drawn on the account which checks bore across the left end in print the word "Rig-A-Lite", and at the place for signature, the printed signature of "Rig-A-Lite Co., by ————", which blank was filled in by the name of W. A. Hausman. Appellant also introduced a check of such description drawn in favor of C. M. Barter under date of "12/3/41", for $20, shown by a notation thereon to have been issued to cover traveling expenses, with the word "Rig-A-Lite" stamped by a protectograph upon the face of the check. Appellant also introduced the testimony of a witness who had lent money to Claude M. Barter to open the business conducted under the name of "Rig-A-Lite", which witness, among other things, testified that he knew W. A. Hausman, and that he worked for Claude M. Barter as a bookkeeper, and that when Barter was out of town on business trips that Hausman had the authority of a manager. The witness testified he did not find out until two years, or a year and a half before the trial (which was in February, 1946) that Hausman was supposed to have become the owner of the business.

It is the settled rule of the Courts of Texas that a verdict for a defendant shall not be directed "if, discarding all adverse evidence and giving credit to all evidence favorable to the plaintiff and indulging every legitimate conclusion favorable to the plaintiff which might have been drawn from the facts proved, a jury might have found for the plaintiff. Hence, a direction of verdict for defendant is error if on the plaintiff's pleadings and evidence any issue arises that the jury might properly determine in favor of plaintiff, or if any aspect of the case made plaintiff is entitled to recover;" 41 Tex.Jur., p. 949.

Under this rule it was error for the court to direct a verdict for the Bank. There was competent evidence to go to the jury on the issue of whether the Bank was indebted to Claude M. Barter when the writ was served on it. Appellant's third point is sustained, and the judgment of the court below is reversed, and the cause remanded for a new trial.

Reversed and remanded.