## HARRISBURG NAT. BANK v. GEO. C. VAUGHAN & SONS.

### No. 11861.

Court of Civil Appeals of Texas. Galveston.

May 29, 1947.

Rehearing Denied July 24, 1947.

Vinson, Elkins, Weems & Francis and Thomas Fletcher, all of Houston, for appellant.

Geo. Red, G. H. Stubblefield, and Pat Fahey, all of Houston, for appellee.

CODY, Justice.

This is a garnishment-after-judgment proceeding, and was before us on a former appeal; 195 S.W.2d 613.

The plaintiff in garnishment recovered judgment in the main case against Claude M. Barter, doing business as Rig-a-Lite, on April 17, 1941. The contest between the plaintiff in garnishment and the bank garnishee was whether the account "Rig-A-Lite Co.," in the bank, belonged to the aforesaid Claude M. Barter, doing business as Rig-A-Lite, or belonged to the said Barter's father-in-law, W. A. Hausman.

The court overruled motions by the bank for an instructed verdict, made both at the conclusion of plaintiff's evidence, and at the conclusion of all the evidence, and submitted the case on two special issues, which issues, as answered by the jury, were to the effect: (1) That the account "Rig-A-Lite Co.," in the garnishee bank, belonged to Claude M. Barter, doing business as Rig-A-Lite, on May 23, 1941 (which was the day the writ of garnishment was served), and continued to belong to him until July 1, 1941 (which was the day the bank answered the writ); (2) that on and between such dates the bank knew, or should have known, that the account mentioned in Special Issue No. 1 belonged to Claude M. Barter.

The bank seasonably urged a motion for judgment notwithstanding the verdict, but the court rendered judgment for plaintiff upon the verdict.

The bank has predicated its appeal upon seventeen points, the first of which must be specially noticed, as it relates to jurisdiction; in substance it is:

1. The court was without jurisdiction in the main case of the person of Claude M. Barter, or of the subject matter of the suit, so that the judgment rendered therein was void, and will not support a judgment against the garnishee in this proceeding.

■ We must overrule the point. The contention urged under this point was not urged below. It is based primarily upon the fact that the citation in the main case (which was introduced below by plaintiff) shows by the sheriff's return that it was served on Barter at an impossible date. The citation in the main case was indeed insufficient to give the court jurisdiction over the person of the defendant Barter. But the plaintiff has filed a motion herein to bring up a certified copy of the answer filed by Barter in the main case which was sworn to by him; and attached to the motion is such certified copy. The motion was ordered taken with the case. It must be granted. A garnishment proceeding, both below and on appeal, is merely a part of the main case, taking its jurisdiction therefrom. And in the ancillary proceeding the court, in dealing therewith, may look to the record in the main case for every purpose. King & King v. Porter, 113 Tex. 198, 252 S.W. 1022; Kelly v. Gibbs, 84 Tex. 143, 148, 19 S.W. 380, 563. The plaintiff also filed a motion herein to bring up a certified copy of the first amended original petition which had been filed in the main case. This motion is also granted. Defendant's motion to bring up the original petition in the main case is also granted.

■■ The plaintiff in garnishment also introduced below the defendant's "confession of judgment," which had been filed in the main case. Said "confession of judgment" was executed by "H. J. Bernard, Attorney for Defendant." The garnishee urges that the procedure followed in the main case did not comply with the requirements of Rule 314, Sections (a) and (b), T.R.C.P., for judgments by confession. The bank's contention is not here to the purpose. Rule 314 was not adopted for the benefit of the defendant debtor, but for the protection of his creditors. See Chestnutt v. Pollard, 77 Tex. 86, 13 S.W. 852. And, it having been made to appear that the court had acquired jurisdiction of the person of the defendant in the main case, and had jurisdiction of the subject matter of the suit, the garnishee cannot question the conclusiveness of the judgment. Sun Mutual Ins. Co. v. Seeligson, 59 Tex. 3.

The plaintiff in garnishment proved by direct evidence that on September 29, 1937, Claude M. Barter, registered as the owner of Rig-A-Lite business in the assumed name records of Harris County; that on October 31, 1939, the promissory notes, on which judgment was taken in the main case, were executed by "Rig-A-Lite by C. M. Barter"; that on the day the writ of garnishment was served on the bank, the attorney for plaintiff 'phoned someone at the

bank (and it could have been legitimately inferred that the some one was the president) and gave the information that Barter was the owner of the Rig-A-Lite, or Rig-A-Lite Co., and was registered as the owner of the business conducted under the name upon the assumed name rocords. In addition to the direct evidence the plaintiff proved up circumstances which need not here be detailed, but which are detailed in the former opinion. From such evidence introduced by plaintiff before it rested, it could have been legitimately inferred that Barter was the owner of the funds in account "Rig-A-Lite Co.," and that the bank knew, or should have known, of such ownership. Therefore the court did not err in refusing the motion of the bank for an instructed verdict at the conclusion of plaintiff's evidence.

The present trial differs from the former trial in that the Bank introduced rebutting evidence. Its evidence briefly stated was to the effect: That on October 2, 1940, Barter sold to W. A. Hausman so much of his business as related to the manufacture of patented electric lights used on rigs in oil fields, and which were manufactured under the name of Rig-A-Lite. At the same time, and as part of such transaction, he deeded to Hausman the manufacturing plant and site, and transferred the patents, and the right to use the trade name of Rig-A-Lite. It seems that the value of the assets so transferred to Hausman was something over $40,000. The transaction took place after the suit constituting the main case had been filed. Hausman was Barter's father-in-law, and had worked as a bookkeeper for him from time to time. It was a part of the arrangement that Barter should stay on as a salesman at a salary of $400 per month. He was well acquainted among those who were in the market for such products as the "Rig-A-Lite." Barter was heavily indebted, and Hausman was willing to take over the business and put some money into it, if Barter would remain as a salesman. Both Barter and Hausman testified that the transfer was an absolute one, and there was no understanding by which Barter was to get the business back.

On the day the business was transferred to Hausman he filed for record in the assumed name records his certificate that he was the owner of the Rig-A-Lite Co. He wanted to preserve the trade name. However, the certificate was not acknowledged so as to entitle it to be recorded, though it was in fact recorded. On the same day he opened the account, "Rig-A-Lite Co.," in the garnishee bank. Barter had never had an account in said bank, and was unknown to the officials of the bank. The bank made Hausman loans on his personal credit, and also made him loans on the assets of the business. Indeed, it appears that about 87% of the funds which went into the account "Rig-A-Lite Co.," up until the time the bank answered in garnishment proceedings, represented loans from the bank, and about 13% came from other sources.

█ By force of the garnishment the plaintiff in garnishment acquired such rights and only such rights to the funds in the account, "Rig-A-Lite," as Barter had therein. Beggs v. Fite, 130 Tex. 46, 106 S.W.2d 1039. While it is clear that under any veiw of the evidence Barter was incapacitated to recover the funds in question by a suit against the bank, it does not follow that his creditors, who were such prior to his transfer of the Rig-A-Lite business to Hausman, would be so incapacitated. We think it would have been an inference which could have been legitimately drawn by the jury that the transfer in question was made with the intent "to delay, hinder or defraud" Barter's prior creditors within the purview of R.C.S. Art. 3996, Vernon's Ann.Civ.St. art. 3996. While it occurs to us that the garnishee could have requested the submission of the issue of whether the transfer was in fact made with intent "to delay, hinder or defraud" Barter's prior creditors, and that the burden was on plaintiff to prove such intent, yet it is obvious that the ultimate issues in the case were the ownership of the funds in question, and whether the bank should have known of such ownership—not before the writ of garnishment was served, but before answering thereto. These ultimate issues were submitted. The trial court did

not err in refusing to instruct a verdict for the garnishee.

We have carefully considered all of the garnishee's points, and have concluded that no reversible error was committed. The judgment of the court below is accordingly affirmed.

Affirmed.

### On Appellant's Motion for Rehearing.

We have concluded that R.C.S. Art. 3996 applies only to the transfer of specific property, and does not apply to the transfer of a business as a going concern so as to make property, acquired by the transferee in the conduct of said business after such transfer but which was not the object of transfer, subject to the payment of the debts of the transferor. The statute reads in part: "Every gift, conveyance, assignment, or transfer of * * * any estate real or personal, * * * given with intent to delay, hinder or defraud creditors * * * of or from what they are, or may be, lawfully entitled to, shall as to such creditors, * * * be void. * * *" The manifest purpose of the statute is to prevent debtors from taking their property from view and placing it beyond the reach of their creditors. It does not apply to property that did not belong to the debtor. The bank account that was here garnisheed never at any time belonged to Barter, and did not constitute the natural increase of property that had been transferred to hinder, delay or defraud creditors. No reason has been shown by plaintiff in garnishment why debts, contracted by Barter while he was doing business in the name of Rig-A-Lite or Rig-A-Lite Co., should be paid by Hausman after he began doing business in the name of Rig-A-Lite or Rig-A-Lite Co. Of course, any property which might be shown to have been transferred by Barter to Hausman with intent to hinder, delay or defraud creditors, could be subjected to the payment of Barter's debts. A writ of garnishment could only reach funds that either belonged to Barter at the time the writ attached, or funds which were shown to have been transferred by him with intent to hinder, delay or defraud creditors.

The garnishee by the undisputed evidence showed that the funds in question were not acquired by Hausman from Barter.

We grant the garnishee's motion for rehearing, reverse the judgment of the court below, and render judgment that plaintiff in garnishment take nothing against the garnishee.

Motion for rehearing granted, and cause reversed and rendered.