GUY A. THOMPSON, TRUSTEE FOR ST. LOUIS, BROWNSVILLE
AND MEXICO RAILWAY COMPANY,
(VALLEY PRODUCTS CORPORATION) V.
FULTON BAG & COTTON MILLS

No. A-5294. Decided January 11, 1956.
Rehearing overruled February 22, 1956.
(286 S.W. 2d Series 411)

*Hutcheson, Taliaferro & Hutcheson,* of Houston, *Sharpe, Cunningham & Garza,* of Brownsville, and *O. O. Touchstone, of Dallas,* for Thompson, Receiver, and and *Richard M. Keiser,* of Harlingen, *Golden, Croley, Howell, Johnson & Mizell,* of Dallas, for Valley Products Corporation, petitioners.

The Court of Civil Appeals erred in holding that the writ of garnishment issued on behalf of Fulton out of the Dallas court, impounding any indebtedness due E. Cannon, also impounding the indebtedness due Valley Products Corporation, thereby divesting the Willacy County Court of its jurisdiction over such indebtedness. Nevitt v. Wilson 116 Texas 29, 285 S.W. 1079; Cleveland v. Ward, 116 Texas 1, 285 S.W. 1063; Insurance Co. of North America v. Friedman, 74 Texas 56, 11 S.W. 1046.

*Lane, Savage & Counts* and *O. O. Touchstone,* all of Dallas, for respondents.

MR. JUSTICE CALVERT delivered the opinion of the Court.

On September 2, 1953, Fulton Bag & Cotton Mills, then the owner and holder of a judgment of the 134th District Court of Dallas County (hereafter referred to as Dallas County District Court) against one E. Cannon, also known as E. E. Cannon, applied for and secured from such court a writ of garnishment directed to and served on September 3, 1953 on Globe & Rutgers Fire Insurance Company, commanding it to answer on oath whether it was indebted to the said E. Cannon or E. E. Cannon.

On September 3, 1953, Guy A. Thompson, Trustee for St. Louis, Brownsville and Mexico Railway Company, filed a suit for debt against Valley Products Corporation in the 103rd District Court of Willacy County (hereafter referred to as Willacy County District Court), and contemporaneously therewith applied for and secured from such court a writ of garnishment directed to and served on September 4, 1953 on Globe & Rutgers Fire Insurance Company, commanding it to answer on oath whether it was indebted to the Valley Products Corporation, or to E. Cannon, Mrs. Alpha Cannon or Daniel Gustafson as directors of the corporation for the benefit of the corporation.

On September 14, 1953, Globe & Rutgers answered the writ of garnishment in the Dallas County District Court, stating

that it was not indebted to E. Cannon, or E. E. Cannon, unless it was so indebted to the extent of the proceeds of two fire insurance policies, one of which it had theretofore issued for the face amount of $3,000.00 insuring Valley Products Corporation against loss by fire of a building in Lyford, Texas, and one of which it had theretofore issued for the face amount of $2,500.00 insuring Mrs. Alpha Cannon against loss by fire of the contents of the building. It then alleged that the building and its contents had been destroyed by fire and that the proceeds of the policies would be payable, under the terms of the policies, on October 29, 1953. It alleged the facts with respect to the service on it of the writ of garnishment issued out of the Willacy County District Court, that it was entitled to protection against the conflicting claims of the various parties, and that on or before October 29th it expected to pay the proceeds of both policies into the proper court to have the rights of all parties determined in one proceeding. It prayed that citation issue to Guy A. Thompson, Trustee, Valley Products Corporation, E. E. Cannon and Mrs. Alpha Cannon so that all claims could be adjudicated in one proceeding. The proceeds of the two policies were paid into the registry of the Dallas County District Court under order of that court[1] on October 28, 1953.

By verified pleading filed on September 29, 1953, Fulton Bag & Cotton Mills traversed that part of the answer of Globe & Rutgers in which it was stated that it was not indebted to E. E. Cannon and alleged that the proceeds of the two fire insurance policies were the property of E. E. Cannon individually. This pleading was later amended to allege that Valley Products Corporation was but a fiction, all of its stock but an insignificant number of shares being owned by E. E. Cannon and Alpha Cannon as community property and all of its assets being owned and dealt with by E. E. Cannon and Alpha Cannon as their individual community property.

Guy A. Thompson, Trustee, answered by plea in abatement (to the jurisdiction) setting up that the writ of garnishment issued out of the Willacy County District Court was the only writ of garnishment which impounded funds of Valley Products Corporation and that the proceeding in Willacy County District Court was therefore prior in time and prior in right. The answer also contained a motion to quash the writ of garnishment issued out of the Dallas County District Court.

---

[1]The order is not contained in the transcript but a subsequent order indicates it was entered.

E. E. Cannon answered disclaiming any interest in both policies. Alpha Cannon answered claiming the proceeds of the policy on the contents of the building as her separate property. Valley Products Corporation answered with a motion to quash the writ of garnishment issued out of Dallas County District Court and claiming the proceeds of the policy on the building.

On February 12, 1954, the judge of the Dallas County District Court entered an agreed order discharging Globe & Rutgers, with its attorneys' fees, from all liability, and directing that the deposit in the registry of the court of the proceeds of the policy on the building should be without prejudice to the rights of the other parties to contest jurisdicion and venue.

On April 30, 1954, the Court after hearing, sustained the motions to quash the writ of garnishment filed by Guy A. Thompson and Valley Products Corporation and the plea in abatement filed by Guy A. Thompson, ordered the proceeds of the policy on the building transmitted to the Clerk of the Willacy County District Court, and dismissed Guy A. Thompson and Valley Products Corporation from the proceedings in the Dallas County District Court. Fulton Bag & Cotton Mills appealed from the order. The Court of Civil Appeals at Dallas reversed the judgment of the trial court and remanded the cause to the Dallas County District Court for further proceedings. 277 S.W. (2d) 241.

No reason is assigned in the trial court's judgment for quashing the writ of garnishment and no basis for that action is found in the record. The pleadings of the parties did not attack, in any manner, the form, substance or regularity of the affidavit in garnishment, the writ of garnishment, the service of the writ or the sheriff's return thereon. The parties do not in their briefs suggest any basis for quashing the writ. So far as we have been able to determine the writ of garnishment was a valid writ, regularly issued, served and returned, and we hold the trial court's judgment quashing the writ to be erroneous.

We do not construe the trial court's judgment sustaining the plea to the jurisdiction of the court to be an adjudication that the proceeds of the policy of insurance on the building were not subject to the writ of garnishment issued by the Dallas County District Court. That would have been an adjudication of the merits of the controversy. We construe the judgment to be only an adjudication that the court did not have jurisdiction, or that the Willacy County District Court had prior juris-

diction, to try the merits of the controversy. We disagree with that holding.

In Cleveland v. Ward, 116 Texas 1, 285 S.W. 1063, 1069, it was held that the court first obtaining jurisdiction of the subject matter of a legal controversy retained jurisdiction to determine the rights of all necessary and proper parties thereto as against all other courts of coordinate jurisdiction. The facts in that case are much too complicated to detail at length. A recitation of the essential facts will suffice to point up the holding by this Court. Suit was filed in the District Court of Johnson County by John Cleveland and wife, Annie Cleveland, against Home National Bank of Cleburne to cancel certain notes and a deed of trust securing their payment. Six days later the bank, joined by two other plaintiffs, filed suit in the District Court of Dallas County against John Cleveland and his wife, Annie, and two other parties, seeking a recovery on the same notes and a foreclosure of the same deed of trust. Three months thereafter John Cleveland and his wife amended their petition in the Johnson County District Court to bring into the suit, as plaintiffs, two of the parties who had been named defendants in the Dallas County suit and, as defendants, the two parties who had been named as plaintiffs in the Dallas County District Court and one other party not theretofore appearing in either suit. In resolving the conflict in favor of the jurisdiction of the Johnson County District Court, this Court said:

"When suit was filed in the Johnson County District Court, the jurisdiction of that court attached, with power on the part of the court to permit the pleadings to be amended and amplified, new parties to be made, to determine all essential questions, and to do any and all things with reference thereto authorized by the Constitution and statutes, or permitted district courts under established principles of law. (Cases cited.)

\*   \*   \*

"The district court of Johnson County, then, in permitting the pleadings in that court to be amended so as to bring in parties interested in and to be affected by the decree sought, acted clearly within its express statutory jurisdiction and power to permit additional parties to be made 'when they are necessary or proper parties to the suit.'

"The case therefore stands in that court, in so far as any jurisdictional question is concerned, precisely upon the same

basis as if the original pleading filed had embraced fully the declarations of the last amendment, and had made all those who are now parties to the suit parties in the first instance.

"Since jurisdiction attached upon filing the suit in Johnson County, the rule is elementary that it could not be taken away or arrested by the subsequent proceedings in another court. (Cases cited.)

"The Johnson County court, having first acquired jurisdiction, may exercise it to dispose of the whole subject-matter of the litigation and adjust all the equities between the parties, and is entitled to do so. (Cases cited.)"

If the parties brought into this case by interpleader were proper parties to the suit the decision in Cleveland v. Ward is controlling.

■ The purpose of the garnishment proceeding in the Dallas County District Court against Globe & Rutgers Fire Insurance Company was to impound any funds in the hands of the defendant belonging to the judgment debtor, E. E. Cannon. The filing of the affidavit and the issuance and service of the writ of garnishment fixed the jurisdiction of the Dallas County District Court to determine whether Globe & Rutgers held funds belonging to E. E. Cannon. Necessarily that jurisdiction extended to a determination of the title to or ownership of funds held by the garnishee if title or ownership were doubtful or in dispute. The scope of the inquiry in a writ of garnishment is broad enough to impound funds of the debtor, held by the garnishee, even though title thereto stands nominally in a third person. Rule 661, Texas Rules of Civil Procedure.

■ Once jurisdiction of the court has attached the manner in which title to funds held by the garnishee is put in issue is immaterial. It may be put in issue by the garnishor through traverse of the answer of the garnishee under Rule 673, Texas Rules of Civil Procedure, as was done in Geo. C. Vaughan & Sons v. Harrisburg Nat. Bank, Texas Civ. App., 195 S.W. 2d 613, writ dismissed, second appeal, 204 S.W. 2d 9, no writ history, or it may be put in issue by the answer of the garnishee as was done in Liverpool & London & Globe Ins. Co. v. Lummus Cotton Gin Sales Co., Texas Com. App., 6 S.W. 2d 728, Colby v. McClendon, Texas Civ. App., 116 S.W. 2d 505, 507, no writ history, and Hendrick v. Johnston, Texas Civ. App., 32 S.W. 2d 883, no writ history. In either event the garnishee may pay

the funds into the court and by interpleader bring into the suit all other claimants thereto in order to protect itself against double liability. When this is done the court has jurisdiction to adjudicate the conflicting claims of the parties. Liverpool & London & Globe Ins. Co. v. Lummus Cotton Gin Sales Co., supra; Hendrick v. Johnston, supra.

■ In this case the Dallas County District Court acquired and had prior jurisdiction of the subject matter of the garnishment suit and jurisdiction of all parties brought into the suit by the interpleader of the garnishee. It therefore had prior jurisdiction to determine the ownership of the funds held by the garnishee. It is immaterial that the garnishee had a right to withhold payment of the proceeds of the fire insurance policy until after its answer was filed. Phoenix Ins. Co. of Brooklyn v. Willis, 70 Texas 12, 6 S.W. 825, 829, 8 Am. St. Rep. 566.

We are not to be understood as holding that the proceeds of the insurance policy on the building are, either in law or in fact, the property of E. E. Cannon individually. That question is to be decided in the first instance by the trial court. We hold only that the question is to be decided by the Dallas County District Court and that that court erred in sustaining a plea in abatement to its jurisdiction to decide it. If it be determined in a trial on the merits that the funds in controversy do not belong to E. E. Cannon, individually, they should be transferred to the Willacy County District Court to await the outcome of the suit filed by Guy A. Thompson, Trustee. If it be determined that the funds are the property of E. E. Cannon, individually, they will be disposed of by the District Court of Dallas County.

The judgment of the Court of Civil Appeals is affirmed.

Opinion delivered January 11, 1956.

Rehearing overruled February 22, 1956.