John WILLIAMS, Appellant,

v.

Robert H. STANSBURY, Fednor Corp., et al., Appellees.

No. 08–81–00110–CV.

Court of Appeals of Texas, El Paso.

May 26, 1982.

Rehearing Denied July 7, 1982.

H. Averil Sweitzer, Dallas, for appellant.

James A. Baker, Storey, Armstrong, Steger & Martin, Francis W. Thayer, Ungerman, Hill, Ungerman, Angrist, Dolginoff, Teofan & Vickers, Richard Dafoe, Dallas, for appellees.

Before WARD, OSBORN and SCHULTE, JJ.

## OPINION

OSBORN, Justice.

This case arises out of multi-party litigation over a promissory note which was assigned to the Appellant, John Williams, after the maker of the note had been served in a garnishment case and ordered to pay the monthly payments into the registry of the court. John Williams recovered judgment in the trial court only for payments due to be made after the garnishment case was dismissed. He appeals. We affirm.

The facts are complicated by the number of parties involved in the various transactions which resulted in this suit. The more important and controlling facts are:

| | |
|---|---|
| September 21, 1967 | Harriett Clements purchased laundry equipment and gave a promissory note to Norge Village. |
| September 26, 1967 | Norge Village assigned the note with recourse to Transamerica Financial Corporation. |
| December 2, 1968 | Transamerica Financial Corporation sold the note to Northern Commercial Corporation. |
| January 7, 1970 | Northern Commercial obtained a judgment against Clements as a result of her default in payments. |
| January 15, 1970 | Clements sold her interest in the laundry equipment to Robert Stansbury and took a promissory note as consideration for the sale. |
| March 31, 1970 | Northern Commercial obtained a writ of garnishment against Stansbury to recover the sum he owed Clements. |
| May 1, 1970 | The trial court in the garnishment case ordered Stansbury to pay his monthly note payments into the registry of the court. |

| | |
|---|---|
| September 20, 1970 | Northern Commercial assigned its judgment and the recourse note, which was the basis for the judgment, to Fednor Corporation, a successor to Norge Village. |
| May 8, 1971 | Clements sold and delivered Stansbury's note to John Williams. |
| August 9, 1973 | The garnishment suit was dismissed and $8,252.85 in the registry of the court was ordered returned to Stansbury.[1] |
| April 28, 1975 | John Williams filed this suit. |

When Williams was unable to obtain the balance due on his note from Stansbury, he filed this suit. He also sued Northern Commercial, Fednor Corporation and others claiming tortious interference, conversion and conspiracy.

On May 10, 1971, Williams notified Stansbury that he held the note and demanded payment. On May 13, Stansbury's attorney replied requesting proof of ownership of the note. He also advised that payments were being made into the court in the garnishment case. On May 25, Williams sent Stansbury a copy of the note and threatened legal action if payments were not made to him. On August 30, Williams advised Stansbury the payments had been accelerated and the note turned over to an attorney for collection and foreclosure. Stansbury heard nothing further from Williams for nearly four years. The garnishment suit was settled about two years later.

After John Williams completed his evidence, the trial court granted a motion for instructed verdict as to all defendants except Stansbury. After all evidence was presented, the jury found (1) Williams did not know the note was overdue when he purchased it; (2) Williams knew of the garnishment suit after May 25, 1971; (3) Williams knew of his right to file suit against Stansbury after May 25, 1971; (4) Williams by his conduct or silence led Stansbury to believe that he would not pursue his rights with respect to the note; (5) when Stansbury settled the garnishment action he relied on the conduct or silence of Williams and (6) enforcement of the note would re-

sult in a financial loss to Stansbury. Based upon this verdict, the court awarded Williams recovery from Stansbury of those twenty installments accruing after the settlement of the garnishment case, and this resulted in Stansbury receiving credit for those payments which were paid into the registry of the court in the garnishment case. Recovery was denied as to all other defendants, including Northern Commercial and Fednor Corporation.

■ The Appellant's first three points of error attack the direct verdict in favor of Northern Commercial and Fednor. These points assert a tortious interference with contract rights under the note, wrongfully receiving payments made into the registry of the court in the garnishment case, and a conspiracy to deny Williams the benefit of his note. In passing on the evidence, we consider all of the evidence in its most favorable light in support of the plaintiff's position and discard all contrary evidence and inferences. *Henderson v. Travelers Insurance Company*, 544 S.W.2d 649 (Tex. 1976); *Tryad Service Corporation v. Machine Tool Center, Inc.*, 512 S.W.2d 785 (Tex.Civ.App.—Houston [14th Dist.] 1974, writ ref'd n.r.e.).

■ As it had a right to do, Northern sought the writ of garnishment after obtaining judgment against Clements. More than six months before Williams obtained the Stansbury note, Northern assigned its note and judgment to Fednor and was no longer involved in the garnishment proceedings even though Fednor, as an assignee, could pursue the case either in its name or that of the assignor. *Texas Machinery and Equipment Company v. Gordon Knox Oil and Exploration Company*, 442 S.W.2d 315 (Tex.1969). Williams makes no attack upon the proceedings in the garnishment case, and does not seek any relief for wrongful garnishment. He does not claim that any order entered in that case was void or erroneous. By the time the case was settled

1. The parties to the garnishment suit had agreed that these funds would be, and they were, paid as follows: $1,000.00 to Stansbury's attorney; $4,482.71 to Fednor Corporation; $2,251.35 to Fednor's attorneys; and $528.79 for various court and other related costs.

and the payments made, Northern Commercial was no longer a party in interest in the case. Fednor, the assignee of the judgment, was entitled to and did receive payment from the funds in the court.

Certainly, the garnishment proceedings prevented Williams from receiving payments on his note, but, if the garnishment be considered an interference with the contract (note), such conduct was not wrongful. It was the exercise of a lawful statutory right. The court addressed the issue in *Black Lake Pipe Line Company v. Union Construction Company, Inc.*, 538 S.W.2d 80 (Tex.1976), and said:

> An important element in a right of recovery for contract interference is that the interference must be without right or justification. Interference with contractual relations is privileged where it results from the exercise of a party's own rights or where the party possesses an equal or superior interest to that of the plaintiff in the subject matter.

All authorities seem to recognize that the harmful act must have been done without legal justification. *Herider Farms-El Paso, Inc. v. Criswell*, 519 S.W.2d 473 at 476 (Tex. Civ.App.—El Paso 1975, writ ref'd n.r.e.). There is no evidence of a wrongful interference done without legal justification.

Likewise, there is no evidence that the funds deposited with the court were wrongfully paid to Fednor. It was the owner of a valid money judgment based upon an unpaid note. Although the jury found Williams had knowledge of the garnishment suit, he did not intervene and seek the funds held by the court.

■ The Appellant cannot make a claim of conversion in this case. Money is subject to conversion only when it can be described or identified as a specific chattel. *Gronberg v. York*, 568 S.W.2d 139 (Tex.Civ. App.—Tyler 1978, writ ref'd n. r. e.). A cause of action for conversion does not lie where a party only seeks repayment of money generally. *Crenshaw v. Swenson*, 611 S.W.2d 886 (Tex.Civ.App.—Austin 1980, writ ref'd n. r. e.); 15 Tex.Jur.3d Conversion, Section 11 (1981). Neither can Williams assert any claim for a constructive

trust on the funds in issue. He has shown neither actual nor constructive fraud, and there is no evidence of a breach of a confidential relationship. *Meadows v. Bierschwale*, 516 S.W.2d 125 (Tex.1974). There was never any confidential relationship shown to exist. There were never any false representations. No fraud has been perpetrated.

■ In order for there to be an actionable civil conspiracy, two or more persons must combine to accomplish an unlawful purpose or to accomplish a lawful purpose by unlawful means. *Great National Life Insurance Co. v. Chapa*, 377 S.W.2d 632 (Tex.1974). In that case, the court pointed out that the acts complained of must not only be malicious, but without legal justification or excuse. In our case, there was a legal basis for the conduct about which Appellant complains. We overrule Points of Error 1, 2 and 3.

■ The next point of error alleges that the trial court erred in finding that Williams is estopped to recover the payments made into the registry of the court during the pendency of the garnishment proceedings. From the exchange of correspondence in 1971, there can be no question but that both Williams and Stansbury were aware of the fact that the note had been transferred and that payments were being tendered into the court on the claim of a third party. For nearly two years, Williams did nothing to intervene and collect those payments, and Stansbury did nothing to interplead Williams in order to bind him by the court's final order in the garnishment case. Finally, after the settlement of the garnishment case and distribution of the proceeds, Williams actually proceeded to seek payment on the note.

It seems clear that Stansbury, as garnishee, could pay the amounts due on the note into the court and by interpleader bring into the suit all other claimants thereto in order to protect himself against double liability. *Thompson v. Fulton Bag & Cotton Mills*, 155 Tex. 365, 286 S.W.2d 411 (1956). And in *Cockrum v. Cal-Zona Corporation*, 373 S.W.2d 572 (Tex.Civ.App.—Dal-

las 1963, no writ), the court said a garnishee faced with conflicting claims to the funds admittedly owing by him has not only the right but the duty to implead the adverse claimants. Since Stansbury did not interplead Williams, he could be liable on the amounts due on the note and not paid to him, unless he be relieved from that liability by reason of an estoppel.

In order to establish an estoppel, the evidence must show (1) a false representation or concealment of material facts, (2) made with knowledge, actual or constructive, of the facts, (3) to a party without knowledge or means of knowledge of the real facts, (4) with the intention that it should be acted upon, and (5) the party to whom it was made must have relied on or acted on it to his prejudice. *Gulbenkian v. Penn*, 151 Tex. 412, 252 S.W.2d 929 (1952). It is well recognized that silence itself can be a form of misrepresentation where a party is aware of the facts and under a duty to speak. *Storms v. Tuck*, 579 S.W.2d 447 (Tex.1979); *Cooper Petroleum Company v. LaGloria Oil and Gas Company*, 436 S.W.2d 889 (Tex.1969); 22 Tex.Jur.2d Estoppel, Section 10 (1961). In this case, Williams knew Stansbury was not paying him after demand, and he was informed that the payments were going into the court in a garnishment case. For two years he did nothing, even though he wrote Mr. Stansbury on August 30, 1971, that he was requesting his attorney "to take whatever steps are necessary for collection and/or foreclosure." Even after the garnishment suit was terminated in August, 1973, it was another twenty months before this suit was filed. We conclude that the actual and implied findings are sufficient to support the court's judgment, and that because of the estoppel, Williams may not recover the amount of those payments made by Stansbury in the garnishment case. Point of Error No. 4 is overruled.

The fifth point of error contends the trial court erred in computing the amount of interest due on the twenty payments for which Williams recovered judgment. The court awarded interest at the rate of ten percent from the date of accrual, but Appellant contends he is entitled to monthly compounding of the interest. We find no error and Point of Error No. 5 is overruled.

The last point complains that the award of attorneys' fees assessed against Appellant for failure to complete discovery should be set aside because the reporter at the 1977 hearing has died and testimony of the hearing is unavailable. There is no showing of the facts asserted or the diligence used to obtain the evidence desired. The point of error is overruled.

By way of Cross Point of Error No. 1, Stansbury contends Williams should not be permitted to recover any sum on the note. The pleadings and proof support the court's judgment, and the estoppel does not bar the recovery for payments due after the settlement of the garnishment suit. The cross point is overruled.

The judgment of the trial court is affirmed.