**SUNBELT SAVINGS, F.S.B., Appellant,**

v.

**BANK ONE, TEXAS, N.A., Appellee.**

**No. 05–91–00017–CV.**

Court of Appeals of Texas, Dallas.

July 31, 1991.

Rehearing Overruled Sept. 11, 1991.

David B. Street, Richardson, for appellant.

Stephen Cormac Carlin, Dallas, for appellee.

Before STEWART, BURNETT and WHITTINGTON, JJ.

## OPINION

BURNETT, Justice.

Sunbelt Savings, F.S.B. appeals a judgment in favor of Bank One, Texas, N.A. in this writ of garnishment action. In three points of error, Sunbelt argues that the trial court erred when it granted Bank One's motion for summary judgment and denied Sunbelt's motion for summary judgment. We sustain Sunbelt's first and second points of error. We reverse the trial court's judgment and remand for further proceedings.

## PROCEDURAL HISTORY

On August 25, 1989, Sunbelt obtained a judgment against James C. Bramlett for $15,269.96. Since December 1989, Bramlett has served as the sole shareholder, director, officer, and employee of Bramcon General Contractors, Inc. Although Bramcon had ceased all business activities prior to December 1989, it maintained various checking accounts in its name at Bank One with Bramlett as a signatory. On January 4, 1990, in an effort to collect on its judg-

ment against Bramlett, Sunbelt applied for a writ of garnishment, attaching the affidavit of Leslie W. Hubbard, a vice-president of Sunbelt. Based on statements that Bramlett made in a post-judgment deposition that he used the Bramcon accounts for his personal finances and that the funds in the accounts were commingled, Hubbard's affidavit stated that he believed that Bank One was indebted to Bramlett by reason of certain deposit accounts naming Bramlett or Bramcon as a sole or joint owner. On January 17, 1990, the court granted the writ of garnishment ordering Bank One to report any indebtedness Bank One owed Bramlett. On the date the writ was served, the sum of $7108.01 was deposited with Bank One in Bramcon's name. After service of the writ and prior to Bank One's answer, the sum of $17,230.92 was deposited to Bramcon's accounts. On February 1, 1990, Bank One filed its answer stating that Bramlett was listed as a trustee on two accounts held for another in the bank's possession, but Bank One was neither indebted to nor possessed any effects belonging to Bramlett, individually. Bank One further stated that it had no knowledge of any other persons who were either indebted to or possessed effects belonging to Bramlett. Bank One listed none of the accounts upon which Bramlett was a signatory. On March 22, 1990, Sunbelt filed an affidavit controverting Bank One's answer. This affidavit stated that Bramlett had commingled his personal funds with those in various Bramcon accounts and that Bramlett was a signatory on those accounts. The affidavit further stated that Bramlett had no personal checking or savings accounts and that he paid his personal debts from the Bramcon accounts. Subsequently, both parties moved for summary judgment. In its motion for summary judgment, Bank One alleged that it was not indebted to Bramlett and, if the court found it indebted to Bramlett, Bank One possessed a superior and pre-existing right to a setoff. On November 13, 1990, the trial court denied Sunbelt's motion and granted Bank One's motion in all respects.

## SUMMARY JUDGMENT

Summary judgment may be rendered only if the pleadings, depositions, admissions, and affidavits show that: (1) there is no genuine issue as to any material fact and (2) the moving party is entitled to judgment as a matter of law. TEX.R.CIV.P. 166a(c); *Rodriguez v. Naylor Indus., Inc.*, 763 S.W.2d 411, 413 (Tex.1989). A summary judgment seeks to eliminate patently unmeritorious claims and untenable defenses, not to deny a party its right to a full hearing on the merits of any real issue of fact. *Gulbenkian v. Penn*, 151 Tex. 412, 416, 252 S.W.2d 929, 931 (1952).

■ Under rule 166a, both plaintiff and defendant may simultaneously move for summary judgment. When both parties move for summary judgment, each party must carry its own burden, and neither can prevail because of the failure of the other to discharge its burden. *Cove Inv., Inc. v. Manges*, 602 S.W.2d 512, 514 (Tex. 1980). To prevail on a summary judgment, a plaintiff must conclusively prove all of the elements of the cause of action as a matter of law. *Swilley v. Hughes*, 488 S.W.2d 64, 67 (Tex.1972); TEX.R.CIV.P. 166a(c). In contrast, a defendant as movant must either (1) disprove at least one element of each of the plaintiff's theories of recovery or (2) plead and conclusively establish each essential element of an affirmative defense, thereby rebutting the plaintiff's cause of action. *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 679 (Tex.1979). Since both parties moved for summary judgment, this Court considers all evidence accompanying both motions in determining whether to grant either party's motion. *Edinburg Consol. I.S.D. v. St. Paul Ins. Co.*, 783 S.W.2d 610, 612 (Tex.App.—Corpus Christi 1989, writ denied). After determining all questions presented, this Court may reverse the trial court's judgment and render the judgment the trial court should have rendered, including rendering judgment for the other movant. *Jones v. Strauss*, 745 S.W.2d 898, 900 (Tex.1988).

## Bank One's Motion for Summary Judgment

In its first two points of error, Sunbelt contends that the trial court erred when it granted Bank One summary judgment. Sunbelt argues that the trial court erred when it found that the checking account in Bramcon's name was not subject to Sunbelt's writ of garnishment or, alternatively, when it allowed Bank One a right to a setoff.

### *Ownership of Bramcon's Account*

In its first point of error, Sunbelt argues that the trial court erred when it disregarded the true ownership of the checking account, found that Bank One had neither notice nor knowledge of the true owner of the account, and concluded that Bramcon owned the account. Relying on *Texas Commerce Bank v. Townsend*, 786 S.W.2d 53 (Tex.App.—Austin 1990, writ denied), Bank One asserts that Bramcon's account created a debtor and creditor relationship between Bank One and Bramcon only.

█ The primary issue in a garnishment proceeding is whether the garnishee is indebted to or has in its possession effects belonging to the debtor. *Thompson v. Fulton Bag & Cotton Mills*, 155 Tex. 365, 286 S.W.2d 411, 414 (1956); *Putnam & Putnam, Inc. v. Capital Warehouse, Inc.*, 775 S.W.2d 460, 463 (Tex.App.—Austin 1989, writ denied). Accordingly, Bank One needed to establish as the defendant-movant for summary judgment that there was no genuine issue of material fact that it was not indebted to or in possession of effects belonging to Bramlett individually. Generally, a plaintiff in garnishment merely steps into the shoes of its debtor as against the garnishee and may enforce only those rights the debtor could have enforced against the garnishee directly. *Rome Indus., Inc. v. Intel Southwest*, 683 S.W.2d 777, 779 (Tex.App.—Houston [14th Dist.] 1984, writ ref'd n.r.e.) (citing *Beggs v. Fite*, 130 Tex. 46, 52, 106 S.W.2d 1039, 1042 (1937)). However, if title or ownership is doubtful or in dispute, a determination as to the title or ownership of the funds held by the garnishee may be required.

*Thompson*, 286 S.W.2d at 414; *Putnam*, 775 S.W.2d at 463. The scope of the inquiry in a writ of garnishment is broad enough to impound funds of the debtor held by the garnishee, even though title to the funds stands nominally in a third person. *Thompson*, 286 S.W.2d at 414. Although the name on the account provides prima facie proof of ownership, if the garnishor provides evidence of the true ownership of the funds by the debtor, the garnishee will be held liable under the writ. *See First Realty Bank v. Ehrle*, 521 S.W.2d 295, 298–99 (Tex.Civ.App.—Dallas 1975, no writ); *Redisco, Inc. v. Laredo Mopac Employees Credit Union*, 516 S.W.2d 197, 199 (Tex.Civ.App.—San Antonio 1974, no writ); *Tatum v. Gibson*, 24 S.W.2d 506, 507 (Tex.Civ.App.—Texarkana 1930, no writ); *Hulshizer v. First State Bank of Robstown*, 207 S.W. 584, 585 (Tex. App.—San Antonio 1919, no writ). In garnishment cases, equitable title to the property the garnishing creditor seeks to reach prevails over bare legal title to the property. *RepublicBank Dallas v. National Bank of Daingerfield*, 705 S.W.2d 310, 311 (Tex.App.—Texarkana 1986, no writ).

█ The manner in which title to funds held by the garnishee is put in issue is immaterial. The garnishee may put title in issue through its answer or the garnishor may put title in issue by traversing the garnishee's answer. *Thompson*, 286 S.W.2d at 414; *see Putnam*, 775 S.W.2d at 463. In either event, the garnishee may pay the funds into the court and by interpleader bring into the suit all other claimants to the funds in order to protect itself against double liability. When this is done the court has jurisdiction to adjudicate the parties' conflicting claims. *Thompson*, 286 S.W.2d at 414.

█ Relying on *Townsend*, Bank One asserts that, since a debtor-creditor relationship existed only between Bramcon and Bank One, Bramlett had no direct claim against Bank One and as a result neither did Sunbelt. Bank One, however, misplaces its reliance on *Townsend*. *Townsend* involved an attorney bringing a suit for wrongful dishonor against his bank after

the bank garnished his escrow account and then dishonored a subsequent check. The court held that the name on the account was prima facie evidence of ownership, that the bank was under no obligation to undertake any further inquiry in that regard, and that the bank would not incur any liability to third persons unless the bank had participated in the misapplication of funds or a breach of trust. However, the court further stated that if the bank became aware of a possible misappropriation of funds, then it might come under a legal duty to protect third persons until the court could determine their legal and equitable rights. Townsend introduced no evidence that the bank either participated in the misapplication of funds or breach of trust or that the bank was aware of any misappropriation of funds by Townsend. *Townsend*, 786 S.W.2d at 54. A different scenario exists in the instant case.

■ In its application for writ of garnishment and when it traversed Bank One's answer, Sunbelt gave the bank notice that Bramlett, the signatory on Bramcon's accounts and its sole shareholder, director, officer, and employee, had commingled his personal funds with the corporation's funds and was using checks drawn on the corporation's account to pay his personal debts. This information was sufficient to place title of the funds held by Bank One in issue. Although Bank One initially had no duty to make further inquiry beyond the name on the account, once it became aware of the possibility that Bramlett, the individual, might be misapplying corporate funds and that title to the funds was in issue, Bank One incurred a duty to comply with the writ and allow the court to determine the legal and equitable rights of the parties. After reviewing all of the evidence accompanying both motions for summary judgment, we conclude that a genuine issue of material fact remains as to whether Bramcon or Bramlett owned the funds in Bramcon's accounts. Therefore, the trial court erred if it granted Bank One summary judgment on the ground that Bramcon owned the funds as a matter of law. We sustain Sunbelt's first point of error.

## Right to a Setoff

■ In its second point of error, Sunbelt contends that, if this Court finds that Bramlett owned the account, Bank One failed to establish its right to a setoff. Sunbelt argues that Bank One failed to prove as a matter of law (1) that Bramlett owed Bank One the debt it claimed as a setoff and (2) that the debt had matured or that Bramlett was insolvent. Alternatively, Sunbelt argues that the principles of waiver and unclean hands precludes Bank One's alleged right to a setoff. Since we conclude that a genuine issue of material fact remains as to the true owner of the account as between Bramcon and Bramlett, we must determine whether Bank One established its right to a setoff against Bramlett. If Bank One established its right to a setoff against Bramlett, the ownership of the funds is immaterial.

A debtor-creditor relationship exists between a bank and its depositor. Under certain conditions, this relationship gives the bank the right to use deposits to setoff debts of the depositor owed to the bank. *Holt's Sporting Goods Co. of Lubbock v. American Nat'l Bank of Amarillo*, 400 S.W.2d 943, 945–46 (Tex.Civ.App.—Amarillo 1966, writ dism'd). To establish its right to a summary judgment on this ground, Bank One first had to establish that Bramlett owed Bank One the debt the bank claimed as a setoff as a matter of law. *Id.* at 945. Sunbelt introduced summary judgment evidence that when Bank One took over MBank, Bramlett's loan was classified and put into Bonnet Resources, which used an account at Bank One to receive monthly payments. Bramlett made his loan checks payable to Bank One, with the exception of a debit memorandum, which states that it was for the monthly payment of the "Bonnet Loan." Bank One attached the affidavit of Steven F. Lux, Bank One's first vice-president, to its motion for summary judgment. The affidavit stated that to the best of Lux's knowledge, Bramlett was personally indebted to Bank One in an amount in excess of the amount Sunbelt sought to garnish. Assuming, without deciding, that this evidence was sufficient to establish

that Bramlett owed Bank One the debt it claimed as a setoff, Bank One also had to establish either that Bramlett was insolvent or that the debt was mature (past due). *McCollum v. Parkdale State Bank*, 566 S.W.2d 670, 672 (Tex.Civ.App.—Corpus Christi 1978, no writ).

■ Insolvency, as it pertains to a setoff against a bank account, means the "debtor's failure or refusal to pay his debts in due course of business." *Id.* at 673. The summary judgment evidence shows that Bramlett paid his loan payments from October 1989 through February 1990. The evidence also shows that Bramlett paid debts incurred by the corporation during this time period. Sunbelt served Bank One with the writ of garnishment on January 17, 1990. Bank One introduced no controverting evidence to establish Bramlett's insolvency at the time of service.

■ Alternatively, Bank One had to establish that Bramlett's debt was past due. The only evidence introduced concerning the debt was Lux's affidavit statement that Bramlett owed Bank One an amount in excess of that being claimed by Sunbelt in its writ. Bank One introduced no evidence that the debt had matured. Further, Bank One continued to accept monthly payments from Bramlett. When a bank does not declare the debt mature or past due and continues to accept monthly payments, the bank waives its right to use the funds on deposit as a setoff. *See Holt*, 400 S.W.2d at 945. After reviewing all of the summary judgment evidence, we conclude that a genuine issue of material fact remains as to whether Bramlett was insolvent, whether the debt had matured, and, if the debt was mature, whether Bank One waived its right to a setoff when it continued to accept monthly payments. Therefore, the trial court erred if it granted Bank One summary judgment on the ground that Bank One was entitled to a setoff as a matter of law. We sustain Sunbelt's second point of error.

Sunbelt's Motion for Summary Judgment

In its third point of error, Sunbelt contends that the trial court erred when it denied Sunbelt's motion for summary judgment. As the plaintiff-movant for summary judgment, Sunbelt had to establish as a matter of law that Bank One was indebted to Bramlett, the individual, at the time it served the writ on Bank One and that Sunbelt was entitled to its attorneys' fees.

The affidavit accompanying the writ states that Bramlett had commingled his personal funds with Bramcon's funds. As discussed above under the first point of error, this is sufficient to put ownership of the funds in issue. However, this evidence is insufficient to establish Sunbelt's right to the funds in Bramcon's account as a matter of law. It is not enough for Sunbelt to show that Bank One was not entitled to summary judgment. In order for Sunbelt to prevail it must carry its own burden. After reviewing all of the summary judgment evidence, we conclude that a genuine issue of material fact remains as to whether Bramlett owned all the funds in Bramcon's account as a matter of law. Because a question as to ownership remains, we need not address Sunbelt's request for attorneys' fees. We overrule Sunbelt's third point of error.

We reverse the trial court's judgment and remand this cause for further proceedings.