**GLASSMAN AND GLASSMAN, Appellant,**

v.

**Hope Lockwood SOMOZA, et al., Appellees.**

**No. B14–84–658–CV.**

Court of Appeals of Texas, Houston (14 Dist.).

May 23, 1985.

S. Mitchell Glassman, Glassman & Glassman, Houston, for appellant.

John F. Nichols, of John F. Nichols & Associates, Eugene A. Cook, of Butler, Binion, Rice, Cook & Knapp, J. Mark Penley, Andrews & Kurth, Houston, for appellees.

Before PAUL PRESSLER, MURPHY and DRAUGHN, JJ.

## OPINION

DRAUGHN, Justice.

This is an appeal from an order dissolving a pre-judgment writ of garnishment. Appellant, the law firm of Glassman and Glassman, argues that the trial court erred in dissolving the writ of garnishment, and the findings of fact filed by the trial court were against the great weight and preponderance of the evidence. We affirm.

This case involves a dispute over attorney's fees. Appellant, Glassman and Glassman, filed suit against Hope Lockwood Hudson Somoza and Bernabe Somoza for an alleged debt of $7,581.76 in attorney's fees for legal services rendered. At the same time suit was filed, an application

for a pre-judgment writ of garnishment was filed. The writ of garnishment was granted against Edward Joseph Hudson, Mrs. Somoza's former husband, and Texas Commerce Bank for bank accounts in Mrs. Somoza's name. Mrs. Somoza sought to dissolve the writ of garnishment and have the garnishment action transferred from the 164th District Court (where the suit on the alleged debt was filed) to the 257th District Court (a Family District Court). A divorce proceeding between Mr. and Mrs. Somoza was already pending in the 257th District Court. The garnishment proceeding was then transferred to the Family District Court. After a hearing the trial judge dissolved the writ of garnishment. On the same day, Mrs. Somoza presented a signed copy of the dissolution order to the Bank. The Bank released all funds in the garnished accounts to Mrs. Somoza. Appellant did not file a supersedeas bond until five days after the date the dissolution order was signed.

Appellant raises fourteen points of error. The first point of error is that the trial court erred in dissolving the writ of garnishment because Appellant properly had proved all facts necessary for the issuance and maintenance of a pre-judgment writ of garnishment. Article 4076 authorizes a pre-judgment writ of garnishment:

   2. Where the plaintiff sues for a debt and makes affidavit that such debt is just, due, and unpaid, and that the defendant has not within his knowledge property in his possession within this State, subject to execution, sufficient to satisfy such debt; and that the garnishment applied for is not sued out to injure either the defendant or garnishee.

TEX.REV.CIV.STAT.ANN. art. 4076 (Vernon 1966). The record contains an affidavit by Elene B. Glassman which complies with article 4076 and TEX.R.CIV.P. 658.

■ Mrs. Somoza filed a motion to dissolve the writ of garnishment. The Rules of Civil Procedure provide that at the hearing on the motion "[T]he writ shall be dissolved unless ... the plaintiff shall prove the grounds relied upon for its issuance...." TEX.R.CIV.P. 664a. Therefore, Appellants had the burden of proving each of the statutory requirements.

Elene B. Glassman testified as to the statutory requirements. She testified that a debt of $7,581.76 existed and such debt was just, due, and unpaid. Glassman also testified that she did not know of other property, subject to execution, sufficient to satisfy the debt, and that the writ of garnishment was not sued out to injure the defendants or garnishees.

■ The fact that Ms. Glassman testified as to each of the statutory requirements does not establish that those elements were proved conclusively and as a matter of law. The trial court, as fact finder, is the sole judge of the credibility of the witnesses. He is exclusively in a position to observe the witnesses and to evaluate their testimony and credibility. Even though Ms. Glassman provided testimony on all of the statutory requirements on the maintenance of a pre-judgment writ of garnishment, the determination of the relative credibility of the witnesses remained with the trial judge. He, as fact finder, may decline to accept as true the testimony of an interested witness even though uncontradicted. 1 R. Ray, TEXAS LAW OF EVIDENCE CIVIL AND CRIMINAL § 3 (Texas Practice 1980). The trial court did not err in declining to accept Glassman's testimony as true. Point of error one is overruled.

Appellant's second point of error is that the writ of garnishment was erroneously dissolved because Mrs. Somoza's motion to dissolve failed to meet the requirements of TEX.R.CIV.P. 664a. That rule provides in part that a motion to dissolve a writ of garnishment:

   shall admit or deny each finding of the order directing the issuance of the writ except where the movant is unable to admit or deny the finding, in which case movant shall set forth the reasons why he cannot admit or deny.

TEX.R.CIV.P. 644a. Appellant argues that, because the motion to dissolve did not

expressly deny the findings, the granting of the motion was erroneous.

The findings of the court which originally granted the writ of garnishment were that:

(i) Plaintiff sues Defendants, Hope Lockwood Hudson Somoza ..., and Bernabe Somoza, ..., for a debt;

(ii) such debt is in the sum of $7,581.76;

(iii) such debt is just, due, and unpaid;

(iv) the said Defendants have not within the knowledge of the affiant, Elene B. Glassman, property in their possession within this State, subject to execution, sufficient to satisfy such debt; and

(v) that the garnishment applied for is not sued out to injure either the Defendants or the Garnishees....

The motion to dissolve the writ of garnishment provided that:

Hope Somoza, Defendant, files this Motion to Dissolve the Writ of Garnishment previously issued under Cause No. 84–20009 but now consolidated with Cause No. 84–05388 in this Court showing the Court as follows:

1. that such debt is in the sum of $7,581.76;

2. that such debt is just, due and unpaid;

3. that she does not have property in her possession within the state of Texas subject to execution sufficient to satisfy such debt; and,

4. that the writ of garnishment is not a suit by Elene B. Glassman to injure her.

Mrs. Somoza's affidavit, attached to the motion to dissolve, stated "I have read the order directing the issuance of the writ of garnishment and deny under oath the findings set out above."

■ Appellant argues that the motion failed to deny each finding of the order directing the issuance of the writ of garnishment and failed to meet Rule 664a. We disagree. Although the motion could be clearer, it does not fail to meet the requirements of Rule 664a. The motion itself sets out the central findings of the court which granted the order for issuance of the writ. The attached affidavit denies the findings. Reading the motion and affidavit together, the requirements of Rule 664a were met. Point of error two is overruled.

■ Point of error three is that the trial court's conclusions that (1) the claim and amount were uncertain and (2) the writ should be dissolved were against the great weight and preponderance of the evidence. Since Appellant has failed to show that the four statutory requirements for the maintenance of the writ were properly proved, any error by the trial court in concluding that the claim was uncertain would be harmless. TEX.R.CIV.P. 434. Point of error three is overruled.

■ Points of error four through thirteen involve the factual sufficiency of the evidence to support the trial court's findings of fact. Appellant argues that the challenged findings were against the great weight and preponderance of the evidence. In reviewing those points, this court must consider and weigh all the evidence and reverse the judgment only if we conclude the findings are so against the great weight and preponderance of the evidence as to be manifestly wrong and unjust. *In re King's Estate,* 150 Tex. 662, 244 S.W.2d 660 (1952); *Southwestern Bell Telephone Co. v. Baker,* 650 S.W.2d 467 (Tex.App.— Houston [14th Dist.] 1983, writ ref'd n.r.e.).

The challenged findings of fact are:

2. While Elene B. Glassman had Hope Lockwood (Somoza) sign what purported to be an "agreement" for services, such was considered by Elene B. Glassman and Mr. and Mrs. Somoza to be for other purposes.

3. Elene B. Glassman agreed with Hope Lockwood (Somoza) to look solely to Bernabe Somoza for payment of any services rendered and was in fact paid solely by Bernabe Somoza in a sum in excess of $20,-000.00.

4. Hope Lockwood (Somoza) did not agree to pay for the services sued upon by Glassman and Glassman.

. . .

6. Some of the charges for legal services by Elene B. Glassman could not have been rendered on the dates alleged because Hope Lockwood (Somoza) was out of state or out of the country.

7. Some of the services charged for were not in fact rendered.

8. Hope Lockwood (Somoza) never agreed to an hourly rate for fees.

9. Elene B. Glassman charged fees for consultations that did not relate to either Mr. or Mrs. Somoza.

10. Hope Lockwood (Somoza) does have property in this state with which to satisfy any judgment rendered against Hope Lockwood Somoza.

11. Elene B. Glassman was aware that Bernabe Somoza moved great sums of cash through his personal checking account in Houston, Texas.

12. Elene B. Glassman did tax and estate planning for Bernabe Somoza and was therefore aware of his wealth.

There is testimony by Ms. Glassman which contradicts each of these findings. However, there is testimony by Mrs. Somoza which would support most of the findings.

■ In a non-jury case, the trial judge is the fact finder and it is his responsibility to weigh the evidence and judge the credibility of the witnesses. *Bormaster v. Henderson*, 624 S.W.2d 655 (Tex.App.— Houston [14th Dist.] 1981, no writ). The trial judge may accept or reject the testimony of any witness in whole or in part, and while an appellate court may not have reached the same findings, it may not substitute its judgment for that of the trial court. *Texas West Oil & Gas Corp. v. El Paso Gas Transportation Co.*, 631 S.W.2d 521 (Tex.App.—El Paso 1982, no writ). With the conflicting testimony of Mrs. Somoza and Ms. Glassman, we are unable to say that the trial court's findings of fact were against the great weight and preponderance of the evidence.

■ An exception would be Finding of Fact No. 11. Elene Glassman specifically testified that she was not aware that Mr. Somoza moved great sums of cash through his personal checking account. We cannot say the trial court's error in making that finding was reasonably calculated to cause and probably did cause the rendition of an improper judgment. TEX.R.CIV.P. 434. Points of error four through thirteen are overruled.

■ The fourteenth point of error is that it was an abuse of discretion to transfer the garnishment proceeding from a Civil District Court to a Family District Court. The Rules of Civil Procedure provide in part:

> Where in such county there are two or more district courts having civil jurisdiction, the judges of such courts may, in their discretion, ... transfer cases and other proceedings from one court to another ... any judge may transfer any case or proceeding pending in his court to any other of said courts, and the judge of any court to which a case or proceeding is transferred shall receive and try the same. . . .

TEX.R.CIV.P. 330(e). The transfer of the garnishment proceeding brought the matter before a court which would be dealing with the determination of separate and community debt and spousal responsibility for those debts. The transfer served to promote judicial economy. Appellant has failed to show the transfer was an abuse of discretion. Point of error fourteen is overruled.

■ In a reply point, Texas Commerce Bank (TCB) argues that, as to it, this appeal is moot. On the day the motion to dissolve was granted, Mrs. Somoza took a signed copy of the order to the Bank and withdrew the money in the accounts covered by the writ of garnishment. Appellant did not obtain a supersedeas bond until five days later. We agree that a garnishee has a duty to hold the garnished property until

the writ of garnishment is dissolved by an explicit order of the court that issued it. *Cohen v. Advance Imports, Inc.*, 597 S.W.2d 449, 452 (Tex.Civ.App.—Dallas 1980, writ ref'd n.r.e.). However, we cannot agree that the Bank has established that this appeal is moot.

*Moody & Tips Lumber Co. v. South Dallas Bank & Trust Co.*, 246 S.W.2d 263 (Tex.Civ.App.—Dallas 1952, writ dism'd) involves facts similar to ours. There a garnishment suit and primary suit were improperly dismissed for want of prosecution. On the same day, the defendant obtained a certified copy of the dismissal judgment, presented it to Appellee, and withdrew the garnished funds. On the next day, the trial court set aside the dismissal and reinstated the causes. Appellant obtained a final judgment in the primary suit against the defendant. However, judgment was entered in favor of the Appellee in the garnishment suit. The appeal was from the judgment in the garnishment suit. The majority opinion concluded that the appeal was grounded in equity and it would be inequitable to hold the Bank responsible since it had relied on the signed order of dismissal. There was a dissenting opinion.

Since Appellant has been unable to establish that the trial court erred in dissolving the writ of garnishment, we need not decide if the appeal is moot as to TCB. We should not be misunderstood as agreeing that the Bank could not under any circumstances be found liable. Even if we accept the "balancing of the equities" standard of *Moody & Tips Lumber Co.*, we are not yet convinced that it would be inequitable to hold a bank liable. To release garnished funds on the basis of an order which was signed only minutes earlier is not necessarily the type of innocent conduct which establishes that it would be inequitable to hold the garnishee liable. This type of conduct is particularly questionable when the Bank receives sufficient notice that an appeal is imminent and nevertheless releases the funds. The Bank's reply point is overruled.

The judgment is affirmed.