Opinion issued May 8, 2008







 






In The
Court of Appeals
For The
First District of Texas
 

 
 
NO. 01-06-01178-CV
  __________
 
 
MOHAMMAD SALAYMEH,Appellant
 
V.
 
PLAZA CENTRO, LLC AND 
PETER E. PRATT, JR., RECEIVER, Appellees
 
 

 
 
On Appeal from County Civil Court at Law #2
Harris County, Texas
Trial Court Cause No. 785,728-401
 

 

O P I N I O N
          This is an appeal of the confirmation of a judicial sale of real property to satisfy
a judgment against Mohyadine Salaymeh (“Mohyadine”) and a summary judgment
granting declaratory relief in favor of Plaza Centro, LLC (“Plaza Centro”), the
purchaser of the property. Mohammed Salaymeh, (“Mohammad”), Mohyadine’s
brother and former business partner, claims a beneficial ownership interest in the
property sold to Plaza Centro. In three issues, Mohammad argues that the trial court
erred by confirming the sale and granting summary judgment declaring that Plaza
Centro is the lawful owner of the property and awarding Plaza Centro its attorney’s
fees. We affirm. 
Background
           Tablecraft Products Inc. (“Tablecraft”) sued Mohyadine for failure to pay its
invoices for goods and services provided to Mohyadine. In June 2003, a default
judgment was entered in favor of Tablecraft and against Mohyadine in the amount of
the unpaid invoices, $12,544.28, plus interest and reasonable attorney’s fees. 
Mohyadine failed to pay this judgment.
       In May 2004, almost two years later and at the request of Tablecraft, the trial
court issued an order (the “Receivership Order”) appointing Peter Pratt (the
“Receiver”) to attach and sell Mohyadine’s real property to satisfy the judgment. The
Receivership Order specifically identifies the property at 525 Crosstimbers Street
Houston, Texas (the “Property”) owned by Mohyadine as being subject to a judicial
sale as payment for the judgment. The Receivership Order also specifically provides
that the Receiver is authorized to sell by private or public sale, all or part of
Mohyadine’s right, title, and interest in and to the Property “to any person or entity
. . . for [a] purchase price deemed to be reasonable by Receiver in his sole discretion,
and on terms and in any manner whatsoever deemed to be reasonable by the Receiver
in his sole discretion.”
            On May 18, 2005, almost one year after the Receiver had been appointed to
sell the Property, Mohammad filed a document in the real property records entitled
“Warranty Deed,” which purports to convey the Property from Mohyadine to
Mohammad.


 The Warranty Deed was signed by Mohammad, purportedly on behalf
of Mohyadine, under a power of attorney that was prepared by Mohammad.


 
Mohammad contends that, at the time he filed the deed, he was unaware of the
default judgment against Mohyadine or that the property was subject to the control
of the Receiver.
              One week later, the trial court signed an order specifically authorizing the
Receiver to proceed with the sale of the Property. While attempting to sell the
property, the Receiver learned of the Warranty Deed filed by Mohammad. In
September 2005, the Receiver informed Mohammad by letter that the deed was not
valid because it was filed after the Property had been placed under the control of the
Receiver and demanded that Mohammad execute another deed transferring the
Property to the Receiver. After Mohammad did not relinquish his claims to the
Property, the Receiver filed a motion to hold Mohammad in contempt for filing the
deed. In October 2005, Mohammad filed a response asserting that he had an
ownership interest in the Property. On or about November 15, 2005, the Receiver
sold the Property at a private sale to Plaza Centro for $150,000. 
          On February 28, 2006, Mohammad and the tenants on the Property received
letters from Plaza Centro identifying Plaza Centro as the new owners of the Property
and directing the tenants to remit rent to Plaza Centro. Mohammad contends that this
was the first time that he learned of the sale of the Property.
           On April 25, 2006, almost three years after the default judgment had been
taken against Mohyadine, Mohammad filed a Petition in Intervention requesting a
declaratory judgment that the deed conveying the property to Plaza Centro be set
aside and declaring that Mohammad was “the lawful owner” of the Property. 
Mohammad argued that the Receiver’s sale was not lawful because, among other
things, there had been no confirmation of the sale by the trial court. 
          In response to Mohammad’s intervention, the Receiver filed a motion to
confirm the sale of the Property to Plaza Centro. Plaza Centro filed a claim for
declaratory relief and attorney’s fees asserting that Mohammad’s intervention cast
a cloud on its title to the Property and should be removed. Plaza also moved for
summary judgment on its claim. Mohammad filed an objection to confirmation, a
motion to set aside the sale, and a response to Plaza Centro’s motion for summary
judgment.
           The trial court signed an order confirming the sale and, following an
evidentiary hearing, the trial court denied Mohammad’s objection to the confirmation
and denied his motion to set aside the sale of the Property to Plaza Centro. The trial
court also granted Plaza Centro’s motion for summary judgment for declaratory relief
and granted its attorney’s fees. This appeal follows. 



                                         Confirmation of the Sale
          In his first issue, Mohammad argues that the trial court erred in confirming the 
sale of the Property and overruling his objections to the confirmation because (1) the
Receiver sold the Property at a price that was not fair and reasonable; (2) the Receiver
provided no notice of the sale to Mohammad; (3) the “process of the sale” did not
comply with Texas law; and (4) under the principles of equity, the court should have
considered other methods of satisfying the judgment against Mohyadine before
placing the Property in receivership and approving its sale. We disagree. 
Standard of Review
          The sale of property in receivership is generally not effective until the sale is
reported by the receiver and confirmed by the court, after notice to the parties.
Baumgarten v. Frost, 186 S.W.2d 982, 985 (Tex. 1945); Miesch v. Anderson, 90
S.W.2d 314, 318 (Tex. Civ. App.—Texarkana 1936, no writ). In confirming the sale,
the court must determine from all of the facts and evidence whether the bid received
was fair and reasonable. Gardner v. Union Bank & Trust Co. of Ft. Worth, 176
S.W.2d 789, 793 (Tex. Civ. App.—Fort Worth 1943, no writ). Confirmation of a
receiver’s sale is a matter for the trial court’s discretion depending on the particular
facts of each case, and we will reverse this decision only upon a showing that the 
trial court has abused its discretion. Id.; Gibson v. Smith, 511 S.W.2d 327, 329 (Tex.
Civ. App.—Tyler 1974, no writ). We will not set aside a receiver’s sale for
inadequacy of the price alone, in the absence of facts and circumstances showing
fraud or material irregularities. Gardner, 176 S.W.2d at 793. However, under the
principles of equity, an abuse of discretion may be found, and the trial court’s
confirmation of the sale set aside, where there is a showing that the inadequacy of
price received for the property is “so great as to shock the conscience of the court.” 
Id.
Fair and Reasonable
          First, Mohammad contends that the $150,000 purchase price for the Property
was not fair and reasonable because the Property has a fair market value of between
$400,000 and $500,000. In support of this assertion, Mohammad testified that, prior
to the sale of the Property to Plaza, he received but rejected an offer from Aziz Shah
to purchase the property for as much as $400,000. Shah, a tenant on the Property and
close friend of both Mohammad and Mohyadine, testified that he made this offer.


 
          Under the circumstances of this case, we cannot say that the trial court erred
in rejecting the testimonial evidence regarding past offers for the Property. The trial
court is the sole decider of the candor, demeanor, and credibility of the witnesses and,
as fact finder, may decline to accept as true the testimony of an interested witness
even if uncontradicted. See Glassman & Glassman v. Somoza, 694 S.W.2d 174, 176
(Tex. App.—Houston [14th Dist.] 1985, no writ). Moreover, contrary to
Mohammad’s testimony, there was credible, probative evidence before the trial court
to support the conclusion that the price paid for the Property was fair and reasonable
and “not well below its market value” as Mohammad contends. 
          Here, the court was presented with evidence that the price paid for the Property
was actually greater than the $147,350 value assessed on the property in 2005 by the
Harris County Appraisal District (“HCAD”). The trial court also heard evidence that
HCAD placed this value on the property as a result of Mohammad’s representations
under oath to HCAD as to the fair market value of the Property and his successful
protests of HCAD’s initial valuations of the property at a higher price. 
           Although Mohyadine is listed in HCAD’s records as the legal title owner of the
Property, Mohammad, on behalf of Mohyadine, handled the protests of HCAD’s
valuations of the Property. Mohammad testified that, each year, from 2002 through
2005, he represented to the HCAD, under oath, that the value of the Property was no
more than $149,000 and as low as $139,000. Specifically, on October 19, 2005, less
than one month before the actual sale of the Property to Plaza Centro, Mohammad
asserted to HCAD that the fair market value of the Property was $140,000. In
explaining his valuation of the Property at $140,000, Mohammad represented to
HCAD that the Property is located in “a depressed area with no potential to be
enhanced,” and “the building is below average.” Despite these prior representations
to HCAD, Mohammad testified that, in light of rumors of potential development in
the area, he believed that the Property was really worth more than $400,000. 
Accordingly, we hold that the evidence supports the conclusion that the price paid for
the Property was fair and reasonable. See Gardner, 176 S.W.2d at 794.
Adequate Notice of the Sale
          Next, Mohammad contends that the trial court erred in confirming the sale
because the Receiver sent notices regarding the sale only to Mohyadine and not
Mohammad personally. Thus, Mohammad argues that he did not have notice and the
opportunity to be heard regarding this sale until after it had been completed. We
disagree. 
          Here, the record contains evidence from which the trial court could conclude
that Mohammad knew or reasonably should have known about the sale and had the
opportunity to be heard regarding the Property prior to its sale to Plaza Centro.
Although the orders and notices regarding the sale were addressed to Mohyadine, the
record owner of the Property, they were sent to Mohammad’s home address. There
was evidence that, in May 2005, Mohammad actually signed the green card receipt
for the letter containing the Application to Sell the Property filed by the Receiver. 
The trial court also heard evidence from one of the tenants on the Property who
testified that he personally gave Mohammad a letter containing a copy of the
application that was sent to the Property address.
          In addition to testimony about the mailing of the notices and orders, the record
contains evidence of Mohammad’s participation in the receivership proceedings, 
which supports the conclusion that Mohammad knew or reasonably should have
known about the sale and had the opportunity to be heard regarding the Property 
prior to its sale. In September 2005, two months before the sale, the Receiver sent a
letter to Mohammad informing him of the receivership and demanding that he file a
new deed transferring the Property to the Receiver. When Mohammad failed to
comply, the Receiver filed a motion to hold Mohammad in contempt. The motion
addressed the Receiver’s plans to sell the Property, and the Receiver testified that he
attached to the motion copies of all of the pleadings and orders up to that time.
Mohammad filed a response to this motion. 
          Subsequently, Mohammad’s lawyer and the Receiver discussed Mohyadine’s
assets that could satisfy the judgment. After Mohammad failed to abide by his
agreement to provide information to the Receiver regarding the location of 
Mohyadine’s assets, the Receiver contacted Mohammad’s lawyer by e-mail and
informed him that he believed that Mohammad was deliberately trying to interfere
with the collection of the debt, and that the Receiver was inclined to proceed with the
sale of the property. In light of this evidence, we cannot hold that the trial court erred
in rejecting Mohammad’s testimony as to his lack of knowledge about the pending
sale. See Glassman & Glassman , 694 S.W.2d at 760. Accordingly, we hold that the
evidence supports the trial court’s conclusion that Mohammad received adequate
notice of the sale.
          No Violation of State Law
          Mohammad argues that the trial court also erred in confirming the sale because
the proper procedures were not followed in completing the sale. Specifically,
Mohammad contends that the trial court erred by (1) confirming the sale after rather
than before the Receiver had sold the Property, (2) confirming the sale even though
it did not receive notice from the Receiver of the specific terms of the sale until after
the Receiver had sold the Property, and (3) failing to expressly authorize the
disbursement of the proceeds of the sale by written order. We disagree.
          None of the procedures asserted by Mohammad is required by statute, nor has
any Texas court ever held that equity compels a court to follow all of these
procedures in every case before an appellate court may affirm a trial court’s
confirmation of a sale. See, e.g., Gardner, 176 S.W.2d at 793–94. As discussed, the
trial court acted within its discretion in concluding that the price paid for the Property
was fair and reasonable and that Mohammad knew or reasonably should have known
about the sale. Texas courts have long held under these circumstances that
confirmation of a sale by the trial court cures all defects, mistakes, errors, and
irregularities in the proceedings where the court had jurisdiction and where the sale
is not subject to collateral attack. Id. at 794. Accordingly, we hold that the
procedural defects alleged by Mohammad, under the facts presented, do not constitute
grounds for reversing the trial court’s confirmation of the sale. 
Equity
          Finally, Mohammad argues that it was unjust for the trial court to place the
Property under receivership to be sold in light of the fact that the value of the property
greatly exceeded the judgment debt. We disagree.
          Mohammad has cited no authority for the purported requirement that the value
of the property subject to a judicial sale must be near the value of the outstanding
debt before a court can order the property to be sold to satisfy the debt. Nor do the
courts need to create such an equitable requirement to protect the rights of a judgment
debtor. If the value of the property sold exceeds the debt, the judgment debtor may
file a motion with the trial court to have any excess proceeds returned to him. 
          We overrule point of error one.
Summary Judgment
          In his second point of error, Mohammad argues that the trial court erred in
granting summary judgment and awarding attorney’s fees in favor of Plaza Centro
because Plaza Centro’s (1) declaratory judgment counterclaim and (2) expenditure
of attorney’s fees to bring this counterclaim were “unnecessary.” Mohammad
contends that, despite the fact that he named Plaza Centro as a defendant in his
Intervention, he does not dispute its ownership of the Property. Mohammad asserts
that, after being advised of Plaza Centro’s position regarding its ownership of the
Property and reviewing its legal authority, he “tacitly acknowledged” that the
warranty deed he filed for the Property was void. Mohammad contends that “he has
never in these proceedings asserted that the deed conveyed good title to him”; 
therefore, Plaza Centro did not need to file a counterclaim for a declaratory judgment
that Plaza Centro was the lawful owner of the Property, or incur attorney’s fees to
remove a cloud on the title of the Property in response to Mohammad’s intervention.
          Mohammad cites no authority in support of this point of error. Furthermore,
contrary to his present assertions, the record reflects that Mohammad did not
withdraw his claim to ownership to the Property before the trial court granted Plaza
Centro’s motion. Rather, the record shows that Mohammad refused to sign a deed
transferring ownership to the Receiver, and he never withdrew or amended his
intervention seeking a declaratory judgment that he, not Plaza Centro, was the lawful
owner of the Property. Mohammad never filed any pleadings reflecting his purported
acknowledgment that he does not have any superior right of ownership over the
Property against Plaza Centro. Accordingly, we hold that the trial court did not err
in granting the motion for summary judgment. 
          We overrule point of error two.
Pending Motion for Accounting
          In his third point of error, Mohammad argues that the trial court could not have
granted final summary judgment because a motion for receivership accounting was
still unresolved when the trial court signed the summary judgment. Citing the
holding in Chesser v. Southwestern Bell Telephone Co., 658 S.W.2d 563, 564 (Tex.
1983), Mohammad argues that, because Plaza Centro’s motion for summary judgment
does not address this unresolved motion, the court could not grant final summary
judgment in favor of Plaza Centro. Mohammad’s reliance on this holding is
misplaced. 
          Under the holding in Chesser, an unresolved motion for accounting does not
prohibit the trial court from granting Plaza Centro’s motion for summary judgment. 
In Chesser, the Texas Supreme Court held that a proponent’s motion for final
summary judgment cannot be granted unless the motion addresses all pending claims
against the proponent. Chesser, therefore, does not require the motion for summary
judgment to address unresolved or pending motions. Because the motion, and thus
the order granting summary judgment, disposed of all pending claims, it constitutes
a final judgment. Furthermore, the record reveals that the trial court addressed
Mohammad’s motion for accounting in the December 13, 2006 order granting
summary judgment in favor of Plaza Centro, in which the trial court denied all relief
sought by Mohammad. 
          Accordingly, we overrule point of error three.                                                                                                                                  Conclusion
          We affirm the trial court’s confirmation of the sale of the Property and
judgment in favor of Plaza Centro.
 
                                                                        George C. Hanks, Jr.
                                                                        Justice

Panel consists of Justices Nuchia, Hanks, and Higley.