**Reversed and Rendered and Memorandum Opinion filed April 10, 2014.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-13-00099-CV

---

## 24/7 GRILL, LLC, Appellant

## V.

## DONAL S. CLARK, Appellee

---

**On Appeal from the 10th District Court
Galveston County, Texas
Trial Court Cause No. 04CV0895F**

---

## M E M O R A N D U M   O P I N I O N

Appellee Donal S. Clark obtained a money judgment against Michael C. Orr. Then Orr gave $225,000 to appellant 24/7 Grill, LLC, which is owned by Orr and his wife. Clark applied for a post-judgment writ of garnishment to obtain the $225,000 in 24/7 Grill's possession. After a bench trial, the trial court awarded Clark a judgment for $225,000 against 24/7 Grill. In one issue, 24/7 Grill contends the trial court erred by granting the judgment for Clark.

We hold that the evidence is legally insufficient to support the trial court's finding that the $225,000 belonged to Orr at the time the writ of garnishment was served on 24/7 Grill. Thus, we reverse the trial court's judgment and render judgment that Clark take nothing.

## I.    BACKGROUND

Clark obtained a money judgment against Orr and a corporation, jointly and severally, for over $1.5 million. In 2011, Clark applied for a writ of garnishment against Gass-Chuoke Properties, L.P., in which Orr was a limited partner with a 25% share. The managing partner of Gass-Chuoke, Mitchell Chuoke Jr., answered the writ of garnishment and filed an affidavit stating that Gass-Chuoke was not indebted to Orr and was not holding funds or property of Orr's at that time.[1]

Without prior notice to Clark, a visiting judge signed a judgment discharging Gass-Chuoke from the garnishment. About two weeks later, Chuoke purchased Orr's interest in the partnership and paid Orr $225,000. On the day after this sale, Orr deposited the check directly into a bank account for 24/7 Grill. Orr's wife, Trebbie, signed an unsecured promissory note on behalf of 24/7 Grill, providing for an interest rate of 3% payable to Orr annually for 30 years with the principal not due until expiration of the note.

Clark filed a motion for a new trial in the garnishment proceeding against Gass-Chuoke and applied for a writ of garnishment against 24/7 Grill. The trial court granted Clark's motion for new trial, vacated the judgment discharging Gass-Chuoke, reinstated the garnishment against Gass-Chuoke, and consolidated the two garnishment proceedings.

---

[1] The trial court ultimately said Chuoke's affidavit was "incorrect" based on evidence that Gass-Chuoke had been paying Orr $2,000 per month for years before the garnishment proceeding.

A few weeks before trial, Clark filed a supplement to his applications for writs of garnishment to "add causes of action based on fraud and fraudulent transfer to the garnishment actions." At the bench trial, Gass-Chuoke and 24/7 Grill moved for a continuance because of Clark's late-filed claims. So trial could proceed, Clark moved to nonsuit the causes of action for fraud and fraudulent transfer, and the court granted the nonsuit.

The court proceeded with a bench trial on the writ of garnishment. Orr testified that when he received the $225,000 from Gass-Chuoke, he deposited the check into an account for 24/7 Grill. He testified he made the loan to 24/7 Grill because it was "in dire need of capital." He testified the loan was structured the way it was because 24/7 Grill could not afford to pay more. Evidence was admitted, in the form of tax reports, that Orr and Trebbie were married and the only members of 24/7 Grill. Orr was listed as the registered agent for 24/7 Grill. In 2011, 24/7 Grill had gross revenue of $918,840. Clark testified that he was not aware of any other assets owned by Orr that could be seized to satisfy the judgment.

The trial court found in favor of Clark in both proceedings, stating on the record that "the maneuvering by Mr. Orr was for the sole and express purpose of getting . . . $225,000 out of the grasp of Mr. Clark." The court awarded Clark a $225,000 judgment against 24/7 Grill, finding that 24/7 Grill "had in its possession property belonging to the judgment debtor [Orr], being, Two hundred twenty-five thousand dollars ($225,000.00) in cash." 24/7 Grill appealed.[2]

---

[2] The trial court awarded Clark a $2,000 judgment against Gass-Chuoke because that was the amount owing to Clark on the date Gass-Chuoke was served with the writ of garnishment, and the writ had been discharged when Gass-Chuoke paid Orr $225,000. Gass-Chuoke is not a party to this appeal.

3

## II.  ANALYSIS

In a single issue, 24/7 Grill contends the trial court erred by granting Clark a judgment for $225,000 on the basis that 24/7 Grill possessed money belonging to Clark, and "there was no factual or legal basis for the court to make its finding." 24/7 Grill contends that Orr loaned the money to 24/7 Grill as evidenced by a promissory note payable to Orr for a finite term and bearing interest. Clark construes 24/7 Grill's issue as a challenge to the legal sufficiency of the evidence. Clark contends that the trial court correctly found that the $225,000 belonged to Orr at the time the writ of garnishment was served on 24/7 Grill.

We hold that there is legally insufficient evidence in this garnishment proceeding to support the trial court's finding that the $225,000 belonged to Orr.

### A.  Legal Principles: Post-Judgment Writ of Garnishment

"Garnishment is a statutory proceeding whereby the property, money, or credits of a debtor in the possession of another are applied to the payment of a debt." *Bank One, Tex., N.A. v. Sunbelt Sav., F.S.B.*, 824 S.W.2d 557, 558 (Tex. 1992) (per curiam). "The scope of inquiry in a writ of garnishment is broad enough to impound funds of the debtor, held by the garnishee, even though title thereto stands nominally in a third person." *Thompson v. Fulton Bag & Cotton Mills*, 286 S.W.2d 411, 371 (Tex. 1956). Thus, a judgment creditor such as Clark may challenge the title to funds held by a third party, and the trial court is responsible for determining true ownership. *See Bank One*, 824 S.W.2d at 558; *see also* Tex. Civ. Prac. & Rem. Code Ann. § 63.001(3) (garnishment available to a plaintiff who has a valid, subsisting judgment). "The only real issue in a garnishment action is whether the garnishee is indebted to the judgment debtor, or has in its possession effects belonging to the debtor, at the time of service of the writ on the garnishee, and at the time the garnishee files its answer." *Baytown*

*State Bank v. Nimmons*, 904 S.W.2d 902, 905 (Tex. App.—Houston [1st Dist.] 1995, writ denied). It was Clark's burden to prove that 24/7 Grill had in its possession $225,000 belonging to Orr. *See HTS Servs., Inc. v. Hallwood Realty Partners, L.P.*, 190 S.W.3d 108, 112 (Tex. App.—Houston [1st Dist.] 2005, no pet.).

**B.     Standard of Review: Legal Sufficiency of the Evidence**

Controverted issues in a garnishment action may be tried as in other cases. *See* Tex. R. Civ. P. 674. On appeal from a garnishment action tried to the bench, the parties may challenge the legal sufficiency of the evidence to support the trial court's findings. *See HTS Servs.*, 190 S.W.3d at 111. We use the same standard for reviewing the sufficiency of the evidence of a trial court's findings that we use for reviewing a jury's findings. *Id.* (citing *Catalina v. Blasdel*, 881 S.W.2d 295, 297 (Tex. 1994)).

Because 24/7 Grill is attacking the legal sufficiency of the evidence supporting an adverse finding on an issue for which it did not have the burden of proof, 24/7 Grill must show that no evidence supports the trial court's adverse finding. *See Exxon Corp. v. Emerald Oil & Gas Co., L.C.*, 348 S.W.3d 194, 215 (Tex. 2011). "Evidence is legally sufficient if it 'would enable reasonable and fair-minded people to reach the verdict under review.'" *Id.* (quoting *City of Keller v. Wilson*, 168 S.W.3d 802, 827 (Tex. 2005)). We credit favorable evidence if a reasonable fact finder could and disregard contrary evidence unless a reasonable fact finder could not. *Id.* The trial court is the sole judge of the credibility of the witnesses. *Glassman & Glassman v. Somoza*, 694 S.W.2d 174, 176 (Tex. App.— Houston [14th Dist.] 1985, no pet.). Accordingly, the trial court "may decline to accept as true the testimony of an interested witness even though uncontradicted." *Id.*

5

## C.    Evidence is Insufficient to Support Trial Court's Judgment

24/7 Grill contends the only evidence regarding ownership of the $225,000 was the promissory note and Orr's testimony that he loaned the money to 24/7 Grill. Clark, on the other hand, contends the trial court's judgment is supported by evidence that (1) 24/7 Grill was not in "dire need of capital" as suggested by Orr; (2) Orr's testimony concerning the timing of the sale of his interest in Gass-Chuoke was "disingenuous"; and (3) Orr and his wife were the sole members of 24/7 Grill. Clark alleges further, "The trial court determined that the evidence demonstrated that Orr deposited the $225,000 into 24/7 Grill's account to avoid payment under the judgment," and the promissory note "did not change this fact."

Initially, we reiterate that it was Clark's burden to prove Orr's ownership of the $225,000 at the time the writ was served on 24/7 Grill. Although Clark **could have** litigated in this writ of garnishment proceeding the issue of whether Orr's transfer of money to 24/7 Grill was fraudulent—for example, a transfer intended to hinder, delay, or defraud Clark[3]—that issue was not tried. At the time of trial, Clark nonsuited his claims based on fraud and fraudulent transfer. Without a pleading to support a fraudulent transfer claim, a judgment in a writ of garnishment proceeding cannot be sustained on that basis. *See Englert v. Englert*, 881 S.W.2d 517, 520 (Tex. App.—Amarillo 1994, no writ) (citing *Nobles v. Marcus*, 533 S.W.2d 923, 925 (Tex. 1976)); *see also* Tex. R. Civ. P. 301 (judgment must conform to the pleadings). Thus, we find unpersuasive and irrelevant Clark's

---

[3] *See Willis v. Yates*, 12 S.W. 232, 232–33 (Tex. 1889); *Englert v. Englert*, 881 S.W.2d 517, 519 (Tex. App.—Amarillo 1994, no writ); *Cantwell v. Wilson*, 241 S.W.2d 366, 368 (Tex. Civ. App.—Austin 1951, no writ); *Harrisburg Nat'l Bank v. George C. Vaughan & Sons*, 204 S.W.2d 9, 12 (Tex. Civ. App.—Galveston 1947, writ dism'd); *see also* Tex. Bus. & Com. Code Ann. § 24.005(a)(1).

contentions that the evidence showed, and the trial court found (orally or impliedly), that Orr intended to avoid payment under the judgment.[4]

Having determined that the trial court's finding of ownership cannot be supported merely by evidence that Orr had a fraudulent intent to transfer the money to 24/7 Grill, we now evaluate the purported evidence of Orr's ownership. The trial court could have, and apparently did, disbelieve Orr's self-serving testimony about 24/7 Grill's "dire need of capital" and the circumstances surrounding Chuoke's buyout of Orr's partnership interest. Accordingly, we disregard that testimony for purposes of a sufficiency review. *See, e.g.*, *Exxon Corp.*, 348 S.W.3d at 215. But disbelieving or disregarding Orr's testimony does not prove that Orr owned the $225,000 at the time the writ of garnishment was served. *See, e.g.*, *Tex. & N. O. R. Co. v. Grace*, 188 S.W.2d 378, 75 (Tex. 1945) (disregarding interested-witness testimony does not authorize a court to believe the opposite of what it imports).

The only remaining evidence that Clark contends supports the trial court's finding of ownership is that Orr and his wife were the sole members of 24/7 Grill, LLC. However, as Clark acknowledged in the trial court, "the general rule [is] that a partnership fund is not subject to garnishment for the individual debt of a member of the firm." *Gottsman v. Toubin*, 353 S.W.2d 294, 299 (Tex. Civ. App.—Houston 1962, no writ); *accord Farmers' Nat'l Bank of Dublin v. Carmony*, 62 S.W.2d 1115, 1117 (Tex. Civ. App.—Eastland 1933, no writ). This rule applies equally to an LLC and its members. *Compare* Tex. Bus. Orgs. Code Ann. § 154.001 ("A partner is not a co-owner of partnership property."), *with id.*

---

[4] Clark contends, for example, that the evidence shows "Orr's efforts to avoid the effect of the service of the writs of garnishment"; there was a "scheme Orr used involving Gass-Chuoke and 24/7 Grill to avoid garnishment"; "Orr manipulated to his advantage" the writ of garnishment procedures; Orr "came up with a way to try to beat the system"; and Orr deposited the money into 24/7 Grill's account quickly to "prevent the chance of further garnishment."

§ 101.106 ("A member of a limited liability company . . . does not have an interest in any specific property of the company.").

The parties agree that at the time 24/7 Grill was served with the writ of garnishment, the $225,000 was sitting in 24/7 Grill's bank account. Regardless of whether the transfer to 24/7 Grill was a bona fide loan, Clark did not establish that Orr had a right to recover the money from 24/7 Grill. *See Beggs v. Fite*, 130 Tex. 46, 52 (1937) ("[A] plaintiff in garnishment merely steps into the shoes of his debtor as against the garnishee, and may enforce, as against such garnishee, whatever rights the debtor could have enforced had such debtor been suing the garnishee directly.").

Accordingly, there is no evidence to support the trial court's finding that 24/7 Grill possessed $225,000 "belonging to" Orr. 24/7 Grill's sole issue is sustained.

### III.   CONCLUSION

Having sustained 24/7 Grill's legal sufficiency issue, we reverse the trial court's judgment and render judgment that Clark take nothing.

/s/     Sharon McCally
         Justice

Panel consists of Justices McCally, Busby, and Donovan.

8